**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____

No. 93-2608
Summary Calendar
_____

LESLIE WILTON, ETC., ET AL.,

Plaintiffs-Appellants,

VERSUS

SEVEN FALLS COMPANY, ET AL.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
(CA H 93 0531)
_____
(June 29, 1994)

Before DAVIS, JONES and DUHÉ, Circuit Judge.

DAVIS, Circuit Judge:[1]

The plaintiffs appeal the district court's order staying this action for declaratory judgment pending resolution of a later-filed state court suit. Because we find that the district court did not abuse its discretion in staying this action, we affirm.

I.

---

[1]Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

In October 1992, a verdict in excess of $100 million was rendered against the appellees and others in suits involving a dispute over the ownership and operation of certain oil and gas properties. Anticipating litigation based on this verdict, in December 1992, the plaintiffs/appellants (collectively "London Underwriters") filed a declaratory judgment action pursuant to 28 U.S.C. § 2201 in the United States District Court for the Southern District of Texas. The appellants sought declaration of their rights and liabilities under several policies of commercial general liability insurance issued to appellees (collectively the "Hill Group"). Counsel for the parties thereafter entered into an agreement whereby London Underwriters agreed to voluntarily dismiss their declaratory judgment action in exchange for the Hill Group's agreement to provide London Underwriters two weeks advance notice prior to commencing any litigation against London Underwriters.

In February 1993, the Hill Group notified London Underwriters of their intention to file suit in state court. London Underwriters immediately filed this declaratory judgment action in the Southern District of Texas. In March 1993, the Hill Group filed an action against London Underwriters in state court. At approximately the same time, the Hill Group also filed a Rule 12(b) motion to dismiss or stay the federal declaratory judgment action. The district court granted the appellees's Rule 12 motion, staying the declaratory judgment action pending resolution of the state court action. London Underwriters appeal.

II.

The district court has broad discretion to grant (or decline to grant) declaratory judgment. **Torch, Inc. v. LeBlanc**, 947 F.2d 193, 194 (5th Cir. 1991). This court reviews the dismissal of a declaratory judgment action for an abuse of discretion. **Rowan Cos. v. Griffin**, 876 F.2d 26, 29 (5th Cir. 1989).

The district court may consider a variety of factors in considering whether to grant or deny declaratory relief, including the existence of a pending state court proceeding in which the issues might be fully litigated. **Id.**

> Fundamentally, the district court should determine whether the state action provides an adequate vehicle for adjudicating the claims of the parties and whether the federal action serves some purpose beyond mere duplication of effort. The district court should consider denying declaratory relief to avoid gratuitous interference with the orderly and comprehensive disposition of a state court litigation if the claims of all parties can satisfactorily be adjudicated in the state court proceeding.

**Matter of Magnolia Marine Transp. Co.,** 964 F.2d 1571, 1581 (5th Cir. 1992)(internal punctuation and citations omitted).

The pending state court action in this case encompasses the coverage issues raised by London Underwriters in this declaratory action. The appellants are parties to the pending state court action and may assert coverage defenses in that suit. The district court did not abuse its discretion in concluding that maintenance of this declaratory judgment action would result in piecemeal adjudication of the coverage dispute and would reward London Underwriters's attempts to forum shop. Accordingly, the district court's order declining to entertain this declaratory judgment action is affirmed.

3

AFFIRMED.