**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

No. 96-30072

---

CANAL INDEMNITY COMPANY,

    Plaintiff - Counter Defendant - Appellee,

VERSUS

WILBURN CONTAINER X-PRESS INCORPORATED; ET AL.,

    Defendants,

FLEXI-VAN LEASING, INC.

    Defendant - Counter Claimant - Appellant

---

Appeal from the United States District Court
For the Middle District of Louisiana

---

(D. Ct. No.94-CV-911)
July 26, 1996

Before SMITH, BENAVIDES and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Appellant-defendant-counter claimant Flexi-Van Leasing, Inc. appeals the district court's ruling denying its motion for new trial and/or for reconsideration and dismissing the counterclaim without prejudice on December 19, 1995. The district court had

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

previously issued an order dismissing without prejudice the declaratory action of plaintiff-appellee, Canal Indemnity Company, on July 24, 1995.

District courts' decisions about the propriety of hearing declaratory judgment actions, which are necessarily bound up with their decisions about the propriety of granting declaratory relief, should be reviewed for abuse of discretion. Wilton v. Seven Falls Co., 115 S.Ct. 2137 (1995), affirming Wilton v. Seven Falls Co., 41 F.3d 934, 935 (5th Cir. 1994) (citing Torch, Inc. v. LeBlanc, 947 F.2d 193, 194 (5th Cir. 1991)). It is more consistent with the Declaratory Judgment Act to vest district courts with discretion in the first instance, because facts bearing on the declaratory judgment remedy's usefulness, and the case's fitness for resolution, are particularly within their grasp. 115 S.Ct. at 2144. Consequently, district courts' decisions to stay or dismiss counterclaims filed in response to a dismissed declaratory judgment action are matters within the sound exercise of their discretion and are also reviewable for abuse of that discretion.

Under the circumstances, we conclude that the district court acted within the bounds of its discretion in dismissing without prejudice Flexi-Van's state law counterclaim, which arises out of the same occurrence that formed the subject matter of the declaratory judgment action, and which may be presented for ventilation in parallel proceedings in state court. Thus, the

district court's order dismissing Flexi-Van's counterclaim without prejudice and denying its motion on December 19, 1995 is AFFIRMED.