**BUDGET RENT–A–CAR,**
Plaintiff–Appellee,

v.

**Robert CRAWFORD, Defendant,**

and

**Evangeline Perry, Defendant–Appellant.**

No. 94–17085.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 8, 1996.

Decided March 6, 1997.

Gary W.K. Au Young and Glenn J. Stanford (on the briefs), Law Offices of Glenn J. Stanford, Honolulu, Hawai'i, for the defendant-appellant.

Carleton B. Reid and John T. Hassler (on the briefs), Reid, Richards & Miyagi, Honolulu, Hawai'i, for the plaintiff-appellee.

Before: WALLACE, SCHROEDER, and ALARCON, Circuit Judges.

ALARCON, Circuit Judge:

Budget Rent–A–Car Systems, Inc. ("Budget") filed this diversity action in the district court for a declaration regarding *inter alia* Evangeline Perry's duty to indemnify Budget for any amount that Budget may be required to pay to Ray Ines and Jeffrey Hobar to settle their claim for damages for the injuries they suffered in a collision with a vehicle Budget rented to Perry.

The district court issued a decision on the merits of Budget's claim pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, without making any reference to the discretionary nature of its jurisdiction.

■ We review a district court's exercise of its discretion to grant a declaration for abuse of discretion. We must decide whether we should vacate the district court's decision on the merits because we cannot determine if it considered the relevant factors that inform the exercise of the discretionary jurisdiction to issue a declaration. We conclude that we must vacate the district court's decision on the merits and remand with directions to reconsider the exercise of its discretionary jurisdiction. The record does not disclose if the district court considered whether this action was filed in reaction to the injured persons' demand for compensation for the negligent operation of a vehicle rented to Perry by Budget, and whether the novel state law issues raised by Budget could have been resolved in an action in a Hawaii court for indemnification or for declaratory relief. Consistent with established precedent, such factors must be weighed by the district court in the first instance so that we will have a complete record to review in determining whether it abused its discretion in reaching the merits of Budget's claim.

I

Budget rented an automobile to Evangeline Perry on October 29, 1992. Perry permitted Robert Crawford to drive the rental car on November 3, 1992. On that date, while Crawford was driving the vehicle, a collision occurred with a vehicle driven by Ines. Ines and Hobar, his passenger, were injured. Ines and Hobar demanded that Crawford compensate them for their injuries. Crawford then requested indemnification from Budget. Budget filed this diversity action [1] seeking a declaration *inter alia* that it had a right to indemnification from Perry because she had permitted an unauthorized person to drive the rental car. After Budget initiated this action in federal court, Ines and Hobar settled their dispute with Crawford without filing a court action. Budget paid the amount agreed to in the settlement.

In its motion for a summary judgment, Budget did not discuss the discretionary nature of the court's jurisdiction, nor did it point to any circumstances that would warrant the issuance of a declaration.[2] Perry also failed to refer to this issue in her opposition to Budget's motion for a summary judgment.

In explaining the basis for its decision on the merits of Budget's state law claim, the district court did not discuss the circumstances that it relied upon in concluding that this was a proper case in which to issue a declaration. In their briefs before this court, the parties did not refer to the duty of the district court to consider the interests of comity, sound judicial administration, and the national policy against forum shopping before issuing a decision on the merits in an action filed pursuant to the Declaratory Judgment Act.

On November 1, 1996, we directed the parties to "be prepared to address at oral argument ... the propriety of the district court's exercise of jurisdiction over this declaratory judgment action, and the applicability, if any, of *Employers Reinsurance Corp. v. Karussos,* 65 F.3d 796 (9th Cir.1995); *American Nat'l Fire Ins. Co. v. Hungerford,* 53 F.3d 1012 (9th Cir.1995); *Continental Casualty Co. v. Robsac Indus.,* 947 F.2d 1367, 1369 (9th Cir.1991)."

During oral argument, Perry pointed to several unrelated cases pending in the Hawaii courts that present the same legal issues as those presented here, in support of her

---

1. It is undisputed that the citizenship of Budget and Perry is diverse, and the amount in controversy exceeds $50,000.

2. The Declaratory Judgment Act provides in relevant part:

In a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, *may*

declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a) (emphasis added).

contention that the district court should have declined to issue a decision on the merits of Budget's claim. Budget urged us to affirm because no related state court proceeding was pending when this declaratory judgment action was filed. Budget also maintained that this action is not reactive to an anticipated state court proceeding "because nothing was filed" in state court. Budget acknowledged, however, that it sought resolution of these issues in anticipation that the claims of Ines and Hobar might ripen into a lawsuit.

## II

■ Our initial duty, in reviewing an order granting declaratory relief in a diversity action involving questions of state law, is to determine whether the district court abused its discretion in determining that the relevant factors justified the exercise of its jurisdiction. *Wilton v. Seven Falls Co.*, — U.S. —, —, 115 S.Ct. 2137, 2144, 132 L.Ed.2d 214 (1995). Prior to exercising its discretionary jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201, a district court must consider the impact on sound judicial administration, and federalism concerns against forum shopping that may result from the issuance of a declaration regarding unresolved issues of state law in a diversity action. *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 495–98, 62 S.Ct. 1173, 1175–77, 86 L.Ed. 1620 (1942); *Robsac*, 947 F.2d at 1371.

■ In *Brillhart*, the Supreme Court ruled that, before declining to exercise its discretionary jurisdiction to issue a declaration, a district court must expressly indicate that it has considered whether existing remedies and procedures would permit the plaintiff to obtain a resolution of the issues set forth in the complaint in state court. *Brillhart*, 316 U.S. at 495–96, 62 S.Ct. at 1175–76. The Court vacated the reversal by the Tenth Circuit of the district court's dismissal of an action for declaratory relief. The Court held that the district court must determine in *the first instance* whether the plaintiff could have presented its claims in a proceeding that was pending in state court at the time the federal action was filed. *Id.* at 497–98, 62 S.Ct. at 1176–77. The court expressed its rationale in the following words: "Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Id.* at 495, 62 S.Ct. at 1175–76.

Where the record does not disclose with certainty that the district court's exercise of jurisdiction was improper, "the Supreme Court's decision in *Wilton* compels us to remand this matter to the district court" to exercise its discretion in the first instance. *Government Employees Ins. Co. v. Dizol*, 108 F.3d 999, 1008 (9th Cir.1997) (citing *Golden Eagle Ins. Co. v. Travelers Cos.*, 95 F.3d 807, 810–11 (9th Cir.1996)); *Karussos*, 65 F.3d at 799–800 n. 1 (remand appropriate "[w]here the record reveals facts and circumstances that could justify a district court's discretionary decision to exercise its jurisdiction....").

## III

Budget initiated this action in federal court seeking a declaration that it had a right to indemnification from Perry, because she had permitted an unauthorized person to drive the rental vehicle. On the date Budget's claim for declaratory relief was filed, no related state court proceeding was pending. Ines and Hobar, the persons injured in a collision with a Budget rental car, informed Crawford, the driver, of their demand that he compensate them for their injuries. Ines and Hobar settled their dispute with Crawford without filing an action in state court.

We must decide whether a district court is relieved of its duty under *Brillhart* to determine, in the first instance, whether it should exercise its discretionary jurisdiction to resolve state law questions in a claim filed pursuant to the Declaratory Judgment Act where there is no state court proceeding pending on the date the federal action is filed. This issue has not been squarely presented in this circuit.

The factual scenario presented to the Supreme Court in *Wilton* presents us with a sturdy foundation for our analysis of this

novel question. In *Wilton*, a group of insurance companies filed an action under the Declaratory Judgment Act in reaction to a dispute between itself and its insured that had not yet resulted in the filing of a state court action. —— U.S. at ——–——, 115 S.Ct. at 2139–40. Earlier, in October 1992, in an action arising out of a dispute over property, a jury verdict was rendered against the insureds ("the Hill Group") for one hundred million dollars. Prior to the commencement of the property litigation, the Hill Group had been denied coverage by its insurers. The Hill Group notified its insurers of the verdict in late November 1992. The insurers filed their declaratory relief action on December 9, 1992.

In the federal declaratory relief action, Leslie Wilton, on behalf of himself, and as representative of certain underwriters at Lloyd's of London, and other insurers, ("the London Underwriters") sought a declaration regarding their obligation under the policies issued to the Hill Group. On January 22, 1993, the London Underwriters voluntarily dismissed the federal action upon the express condition that the Hill Group provide them at least two weeks' notice if it intended to file an action in state court to seek enforcement of the insurance policy. *Id.* at ——, 115 S.Ct. at 2139.

On February 23, 1993, the Hill Group informed the London Underwriters that it intended to file suit in state court. That same day, the London Underwriters refiled its declaratory judgment action in the district court. *Id.* One month later, on March 26, 1993, the Hill Group filed a nonremovable action in state court asserting claims for breach of contract and breach of the duty of good faith and fair dealing. The Hill Group then filed a motion in federal court to stay or dismiss the declaratory judgment action. *Id.*

In deciding whether to stay the federal action pending the outcome of the state court proceeding, the district court in *Wilton* recognized that it "may consider whether the declaratory judgment action was filed in anticipation of a trial on the same issues in state court." *Wilton v. Seven Falls Co.*, 901 F.Supp. 243, 244 (S.D.Tex.1993) (citing *Rowan Cos., Inc. v. Griffin*, 876 F.2d 26, 29 (5th Cir.1989) (citing *Brillhart*, 316 U.S. at 494–95, 62 S.Ct. at 1175–76)). In ordering a stay of the federal action, without issuing a decision on the merits, the district court stated that the exercise of its discretionary jurisdiction to grant declaratory judgment would result in piecemeal litigation, and would "reward plaintiffs' attempts to forum shop." *Wilton*, 901 F.Supp. at 244.

The Fifth Circuit affirmed the district court's order under the abuse of discretion standard. *Wilton v. Seven Falls Co.*, 41 F.3d 934, 935 (5th Cir.1994). The Supreme Court affirmed, concluding that the district court "acted within its bounds in staying this action for declaratory relief where parallel proceedings, presenting opportunity for ventilation of the same state law issues, were underway in state court." *Wilton*, —— U.S. at ——, 115 S.Ct. at 2144.

 As in *Wilton*, Budget filed this action at a time when no state court proceeding was pending, for a determination of its liability with respect to the demands of Ines and Hobar against Crawford, and its ability to proceed against Perry for indemnification. *Wilton* makes clear that a district court's discretion to decline jurisdiction is not dependent on the pendency of a state court proceeding at the time the federal declaratory judgment action is filed. In *Wilton*, both actions for declaratory relief were filed before the Hill Group filed an action against the London Underwriters in state court. *Id.* at ——, 115 S.Ct. at 2139. Thus, we conclude that the fact that no related state court action was pending at the time Budget filed its action pursuant to the Declaratory Judgment Act did not relieve the district court of its duty to consider all the relevant factors set forth in *Brillhart* that were in existence on the date it exercised its discretionary jurisdiction.

Unlike the situation in *Wilton*, however, here the dispute between Perry and Ines and Hobar was settled after Budget's action for declaratory relief was filed in federal court. Thus, we must determine whether the settlement of Ines and Hobar's dispute, without the filing of a state court action, made it unnecessary for the district court to weigh considerations of comity, sound judicial ad-

ministration, and the policy against forum shopping before ruling on the merits of Budget's claim for declaratory relief.

██ Neither the Supreme Court nor this circuit has resolved this question. In *Wilton,* the Court expressly declined to do so. The Court stated: "We do not attempt at this time to delineate the outer boundaries of [the district court's] discretion in ... cases in which there are no parallel state proceedings." *Wilton,* — U.S. at —, 115 S.Ct. at 2144.

In this circuit, we have observed, but not decided, that a district court should take into consideration, in determining whether to exercise its discretionary jurisdiction under the Declaratory Judgment Act, whether the action was filed in reaction to the threat that a related proceeding would be filed in state court. In *Golden Eagle,* we commented as follows: "Clearly, the existence of a parallel state proceeding would be a major factor in the district court's consideration of 'practicality and wise judicial administration,' but the absence of a parallel state proceeding is not necessarily dispositive; the potential for such a proceeding may suffice." 95 F.3d at 810 (quotation omitted).

We made a similar observation in *Robsac.* In *Robsac,* the insured filed a breach of contract action against its insurer and fifty other defendants in state court. Because some of these fifty defendants were residents of the insured's state, the state court proceeding was not removable. One month after the insured filed the state court action, the insurer filed an action in federal court in which it sought a declaration of nonliability under the policy.

Rejecting the insurer's argument that it had intended to file the federal action before the insured filed the state court action, we recognized that

> [r]eactive litigation can occur in response to a claim an insurance carrier believes to be not subject to coverage even though the claimant has not yet filed his state court action: the insurer may anticipate that its insured intends to file a non-removable state court action, and rush to file a federal action before the insured does so.

*Id.* at 1372. We concluded that "even if" the insurer's version of the sequence of events was correct, the insurer sought to file the federal action first because it "was aware of [the insured's] claim and hoped to preempt any state court proceeding." *Id.* at 1372–73. We observed that permitting such an action to proceed under such circumstances "would encourage forum shopping in violation of the second *Brillhart* principle." *Id.*

We noted in *Aetna Cas. & Surety Co. v. Merritt,* 974 F.2d 1196 (9th Cir.1992), that our "even if" discussion in *Robsac* was dictum. *Merritt,* 974 F.2d at 1199. In *Merritt* an insurance company filed an action pursuant to the Declaratory Judgment Act seeking a decision that it was not liable under its policy to indemnify its insured in the event that a pending state court tort action should result in a judgment in favor of the plaintiff and against its insured. Less than a month after Aetna filed the federal action, Merritt filed a declaratory judgment action in state court for a declaration that Aetna was liable. The state court stayed its proceedings pending the outcome of the federal declaratory judgment action. *Id.* at 1198.

In concluding that the district court properly reached the merits, we stated:

> Here there was no state action pending when Aetna filed its declaratory relief action. We know of no authority for the proposition that an insurer is barred from invoking diversity jurisdiction to bring a declaratory judgment action against an insured on an issue of coverage.

*Id.* at 1199. *Merritt* was decided before the Supreme Court's decision in *Wilton.* In *Wilton,* the Court held that the fact that no state action was pending at the time the plaintiff filed an action pursuant to the Declaratory Judgment Act is not dispositive in resolving the question whether a district court should exercise its discretionary jurisdiction. *Wilton,* — U.S. at —, 115 S.Ct. at 2144.

Our comment in *Merritt* that "[w]e know of no authority ... that an insurer is barred from invoking diversity jurisdiction to bring a declaratory judgment action against an insured on an issue of coverage" is clearly consistent with the terms of the Declaratory

Judgment Act. *Merritt,* 974 F.2d at 1199. Because the state court in *Merritt* stayed its parallel proceedings until the federal action was finally determined, it was not necessary for us to consider whether the exercise by the district court of its discretionary jurisdiction should be affected by its duty to consider such factors as comity, sound judicial administration, and forum shopping.

■ *Wilton* teaches us that before exercising its discretionary jurisdiction under the Declaratory Judgment Act, a district court must consider whether a related state court action was filed *after* federal declaratory relief was requested. We are persuaded that the same federalism concerns against the use of the Declaratory Judgment Act as a forum shopping device, and the policy against "having federal courts needlessly determine issues of state law," *Chamberlain v. Allstate Ins. Co.,* 931 F.2d 1361, 1367 (9th Cir.1991), are also present when a federal plaintiff seeks declaratory relief in anticipation that a related state court proceeding may be filed.

The fact that the dispute between the tortfeasor and the victims of his conduct was settled after Budget filed for declaratory relief in federal court, did not resolve the question whether, under Hawaii law, Budget was entitled to indemnification from Crawford. This controversy existed at the time Budget chose a federal forum for a declaration under Hawaii law. In balancing the relevant factors under such circumstances, "[t]his kind of forum shopping could be avoided by requiring district courts to inquire into the availability of state court proceedings to resolve all issues without federal intervention." *Id.* Here, we cannot determine from the present record if the district court considered whether Budget could have filed an action for indemnification, or for a declaration under Hawaii law, either on the date this federal action was filed, or on the date the district court decided the merits of the novel state issues presented in the complaint.

■ We are not certain that the district court "came up with the right answer" when it decided the merits. *See Golden Eagle,* 95 F.3d at 812 (holding that the district court's error in exercising jurisdiction was harmless error because the "court properly applied the

relevant state law to the undisputed material facts and came up with the right answer"). Therefore, the district court's failure to determine whether this is a proper case in which to exercise its discretionary jurisdiction cannot be deemed harmless. *See id.* Because the propriety of the district court's exercise of· jurisdiction cannot be judged from the present record and the district court's error is not harmless, under *Wilton* we must remand for the district court to exercise its discretion in the first instance. *Dizol,* 108 F.3d at 1008 (citing *Golden Eagle,* 95 F.3d at 810–11).

### Conclusion

■ We hold that, to avoid forum shopping and vindicate federalism concerns, a district court must consider whether existing state court remedies such as indemnification or the right to seek a declaration under state law will provide an adequate remedy for a party who files a claim under the Declaratory Judgment Act. The fact that no related state court proceeding was ever filed because the underlying dispute was settled after this federal action for declaratory relief was initiated did not relieve the district court of its duty to weigh all relevant factors before exercising its discretion under the Declaratory Judgment Act.

Because the district court did not indicate the bases for its decision to reach the merits of Budget's claim for declaratory relief, we cannot determine whether it abused its discretion under the principles set forth in *Brillhart* and *Wilton.* We cannot conclude that the district court's error was harmless because we are not certain that the Hawaii Supreme Court would agree that the district court "came up with the right answer" to the unsettled question of state law presented in Budget's claim. *Golden Eagle,* 95 F.3d at 812.

Accordingly, we must vacate the district court's decision on the merits, and remand with directions that the district court consider whether there are facts and circumstances that warrant the exercise of its discretion to decide the · merits of the novel state law issues presented in this case. If the district

**1082**

court concludes that this is an appropriate case for the exercise of its discretionary jurisdiction, it may re-enter the judgment previously issued in this matter. We express no view as to the correctness of the district court's prior decision on the merits of Budget's claims.

VACATED and REMANDED with directions.

SCHROEDER, Circuit Judge, Dissenting:

I respectfully dissent for the reasons set forth in my dissenting opinion in *Government Employees Ins. Co. v. Dizol,* 108 F.3d 999, filed February 28, 1997. Here too, the majority sua sponte remands for the district court to consider whether it should have exercised declaratory judgment jurisdiction, despite the absence of any indication that some other forum would be more appropriate. Indeed, in this case there was never any related litigation pending in state court and there never will be. The only question that any court has ever been asked to decide here is the indemnification issue. This, the district court has already ruled upon, so we should proceed to review that decision on the merits.

The majority states that *Wilton v. Seven Falls Co.,* —— U.S. ——, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995), held "that the fact that no state action was pending at the time the plaintiff filed an action pursuant to the Declaratory Judgment Act is not dispositive in resolving the question whether a district court should exercise its discretionary jurisdiction." Maj.Op. at 1080. However, contrary to the majority's claim, *Wilton* expressly refused to so hold. As the majority recognizes earlier in its opinion, Maj.Op. at 1080, the court in *Wilton* emphasized that it was not attempting "to delineate the outer boundaries of [the district court's] discretion in ... cases in which there are no parallel state proceedings." *Wilton,* —— U.S. at ——, 115 S.Ct. at 2144. The Court in *Wilton* specifically noted that it was "only" passing judgment on whether "the [d]istrict [c]ourt acted within its bounds in staying this action for declaratory relief where parallel proceedings, presenting opportunity for ventilation of the same state law issues, were

underway in state court." *Id.* Therefore, *Wilton* does not support the abdication of federal jurisdiction when no state proceedings are "underway."