113 F.3d 1132
 97 Cal. Daily Op. Serv. 3846, 97 Daily Journal
D.A.R. 6509
BUDGET RENT-A-CAR, Plaintiff-Appellant,
v.
Clayton DeCOITE; Rosemarie Aranita; Elizabeth Tavares;
Chasity Johnson; Melvin Schmidt, Sr., Defendants-Appellees.
 No. 95-15932.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Nov. 8, 1996.
Decided May 22, 1997.
 
 Carleton B. Reid, Reid, Richards & Miyagi, Honolulu, Hawaii, for plaintiff-appellant.
 Stephen K. Yamada, Honolulu, Hawaii, for defendants-appellees.
 Appeal from the United States District Court for the District of Hawaii, Helen Gillmor, District Judge, Presiding. D.C. No. CV-94-00287-HG.
 Before: WALLACE, SCHROEDER, and ALARCON, Circuit Judges.
 OPINION
 WALLACE, Circuit Judge.
 
 
 1
 Budget Rent-A-Car Systems, Inc. (Budget) appeals from the district court's summary judgment. Budget filed this declaratory relief action in federal court against one of its customers, Clayton DeCoite, and four persons allegedly injured by DeCoite in a traffic accident. Budget sought a declaration that it had no duty to defend or indemnify DeCoite because he misrepresented his driving record on the rental form. The district court held that Budget was obliged to indemnify, but not defend, DeCoite under Hawaii law. The district court had jurisdiction under 28 U.S.C. § 1332. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291.
 
 
 2
 The district court did not indicate whether it considered the discretionary nature of its jurisdiction under the Declaratory Judgment Act. In accordance with our recent decisions in Government Employees Insurance v. Dizol, 108 F.3d 999 (9th Cir.1997), and Budget Rent-A-Car v. Crawford, 108 F.3d 1075 (9th Cir.1997) (Crawford ), we must remand this case to the district court to allow it to exercise that discretion in the first instance.
 
 
 3
 * On July 15, 1993, DeCoite rented a car from Budget at Budget's Honolulu airport facility. DeCoite signed both a Rental Agreement and a one-page document entitled "Rental Agreement Addendum." The Addendum asked whether the prospective renter had, during the past three years, "been fined, convicted or forfeited bail for driving while intoxicated, reckless driving or driving in excess of 20 mph over the speed limit." The Addendum also stated:
 
 
 4
 I hereby verify that the statements on this addendum are true and correct and I acknowledge that providing false information on this addendum is a contract violation and voids the insurance coverage specified in Section 6 of the rental contract.
 
 
 5
 DeCoite answered no to the above question, and signed the Addendum.
 
 
 6
 On the same day that he rented the vehicle from Budget, DeCoite was involved in an automobile accident with a van driven by Rosemarie Aranita. That accident allegedly resulted in personal injury and property damage to Aranita, as well as to her passengers.
 
 
 7
 After the accident, Budget discovered that DeCoite had been convicted of operating a vehicle at 75 miles per hour in a 45 mile per hour zone within the preceding three years. Budget then filed this action in federal district court, seeking a declaration that it was not obligated to defend or indemnify DeCoite under Hawaii law. Budget argues that it would not have rented the vehicle to DeCoite if it had been aware of his undisclosed traffic conviction, and that the misrepresentation relieves it of any duty to defend or indemnify DeCoite.
 
 
 8
 The injured parties have argued throughout these proceedings that DeCoite's misrepresentation was immaterial. Their principal contention, however, has been that Budget is obligated under Hawaii statutes to provide indemnity for DeCoite's legal liability to third parties, notwithstanding any breach of the rental contract.
 
 
 9
 The district court held that the misrepresentation relieved Budget of any contractual duty to defend DeCoite. It also held, however, that Hawaii Revised Statute § 431:10C-301 required Budget to provide indemnity with respect to DeCoite's liability to third parties. The court's opinion did not discuss the discretionary nature of its jurisdiction under the Declaratory Judgment Act. At oral argument, counsel informed us that Aranita and her passengers had never filed a tort action against DeCoite in Hawaii state court.
 
 II
 
 10
 The authority of the federal courts to issue a declaratory judgment derives from the Declaratory Judgment Act, 28 U.S.C. § 2201(Act). As the Supreme Court recently reminded us, the Act "confer[s] on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." Wilton v. Seven Falls Co., 515 U.S. 277, ----, 115 S.Ct. 2137, 2142, 132 L.Ed.2d 214 (1995) (Wilton ). "We have repeatedly characterized the Declaratory Judgment Act as 'an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant.' " Id. at ----, 115 S.Ct. at 2143 (citations omitted).
 
 
 11
 Before exercising that discretion, "a district court must consider the impact on sound judicial administration, and federalism concerns against forum shopping that may result from the issuance of a declaration regarding unresolved issues of state law in a diversity action." Crawford, 108 F.3d at 1078. We have recognized a general presumption that federal courts should
 
 
 12
 "decline to assert jurisdiction in insurance coverage and other declaratory relief actions presenting only issues of state law during the pendency of parallel proceedings in state court" unless there are "circumstances present to warrant an exception to that rule."
 
 
 13
 Employers Reinsurance Corp. v. Karussos, 65 F.3d 796, 798 (9th Cir.1995) (Karussos ), quoting American National Fire Insurance Co. v. Hungerford, 53 F.3d 1012, 1019 (9th Cir.1995). But the absence of a pending state action between the parties does not "relieve the district court of its duty to weigh all relevant factors before exercising its discretion under the Declaratory Judgment Act." Crawford, 108 F.3d at 1081.
 
 
 14
 We review a district court's exercise of its discretionary jurisdiction to order declaratory relief for an abuse of discretion. Wilton, 515 U.S. at ---- - ----, 115 S.Ct. at 2143-44. That discretion must, however, be exercised in a manner which permits meaningful appellate review. When the district court "[does] not indicate the bases for its decision to reach the merits of [a] claim for declaratory relief, we cannot determine whether it abused its discretion." Crawford, 108 F.3d at 1081.
 
 
 15
 We cannot determine from the present record whether the district court considered the discretionary nature of its jurisdiction under the Act. In such circumstances, we ordinarily remand to the district court. The Supreme Court held in Wilton that it is "more consistent with the statute to vest district courts with discretion in the first instance, because facts bearing on the usefulness of the declaratory judgment remedy, and fitness of the case for resolution, are peculiarly within their grasp." Wilton, 515 U.S. at ----, 115 S.Ct. at 2144.
 
 
 16
 There is an exception to that principle if the record reveals no facts and circumstances that could "distinguish[ ] [the case] from the general run of insurance coverage cases in which the exercise of a district court's jurisdiction would be unwarranted." Karussos, 65 F.3d at 799. Because a remand under such circumstances would be merely an "exercise in futility," we have held that the court of appeals should simply dismiss the case. Id. at 799-800 n. 1. There are "facts and circumstances" in this case that may make the Karussos exception inapplicable. For example, the injured parties have never filed a tort action against DeCoite in state court. Wilton recognized that "cases in which there are no parallel state proceedings .... underway in state court" are on the "outer boundaries" of a district court's discretion to decline jurisdiction. Wilton, 515 U.S. at ----, 115 S.Ct. at 2144.
 
 
 17
 A remand may be unnecessary, however, if we are "convinced" that the district court "properly applied the relevant state law to the undisputed material facts and came up with the right answer." Golden Eagle Ins. Co. v. Travelers Co., 103 F.3d 750, 756 (9th Cir.1996). We are not convinced that the district court analyzed these complex and novel issues of Hawaii law as the Hawaii courts would have. Therefore, the district court's failure to consider the discretionary nature of its jurisdiction cannot be deemed harmless.
 
 
 18
 Therefore, we vacate the district court's decision on the merits and remand the case for it to consider whether this is an appropriate case for federal declaratory relief. If the district court concludes that the facts and circumstances justify the exercise of its discretionary jurisdiction, it may re-enter the judgment previously issued in this matter. If it concludes otherwise, it may dismiss the case and we will dismiss this appeal. We express no view on the merits of the state law issues.
 
 
 19
 VACATED AND REMANDED.
 
 
 20
 SCHROEDER, Circuit Judge, Dissenting.
 
 
 21
 I respectfully dissent for essentially the same reasons expressed in my dissents from the decisions in Government Employees Ins. Co. v. Dizol, 108 F.3d 999 (9th Cir.1997) and Budget Rent-A-Car v. Crawford, 108 F.3d 1075 (9th Cir.1997). In this case, as in those cases, there is no pending state court case in which the issues between these parties could be litigated. The record is barren of any reason why the district court should refuse to exercise its diversity and declaratory judgment jurisdiction. Indeed, if the district court correctly ruled that there is no duty to indemnify or defend on the part of Budget, there probably never will be any action by the parties injured in the accident. We should decide the merits of this appeal now, rather than require everyone to continue to dangle nearly five years after the accident.