117 F.3d 1426
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Harry C. POLONITZA; Helen A. Polonitza, Plaintiffs-Appellants,
v.
CHUBB GROUP OF INSURANCE COMPANIES; Federal Insurance
Company, Defendants-Appellants.
 No. 96-55062.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 9, 1997.
Submission Withdrawn May 16, 1997.
Resubmitted June 27, 1997.
Decided July 2, 1997.
 
 Appeal from the United States Court for the Southern District of California, No. CV-94-01843-IEG; Irma E. Gonzalez, District Judge, Presiding.
 Before: WALLACE, THOMPSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 Harry and Helen Polonitza appeal from the district court's summary judgment in favor of defendant Federal Insurance Company (Federal). The Polonitzas sought a declaration that Federal breached its insurance contract by failing to defend them against a lawsuit filed by Harry Eberlin in California Superior Court. The district court had jurisdiction under 28 U.S.C. § 1332. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 2
 The parties are familiar with the facts, and we will not recount them here. The principal issue presented is whether the district court erred by holding that, under California law, Federal had no duty to defend the Polonitzas in the Eberlin lawsuit.
 
 
 3
 There is one important preliminary question. The Declaratory Judgment Act, 28 U.S.C. § 2201, "confer[s] on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." Wilton v. Seven Falls Co., 115 S.Ct. 2137, 2142 (1995) (Wilton ). Before exercising that discretion, "a district court must consider the impact on sound judicial administration, and federalism concerns against forum shopping that may result from the issuance of a declaration regarding unresolved issues of state law in a diversity action." Budget Rent-A-Car v. Crawford, 108 F.3d 1075, 1078 (9th Cir.1997); see also Employers Reinsurance v. Karussos, 65 F.3d 796, 798 (9th Cir.1995).
 
 
 4
 Ordinarily, we review a district court's decision to accept or decline jurisdiction over a declaratory judgment action for abuse of discretion. See Wilton, 115 S.Ct. at 2143-44. If the district court does not discuss this issue in its order, we usually remand the case to permit the district court to exercise its discretion "in the first instance." Id. at 2144.
 
 
 5
 However, we have not burdened the district court with a remand when the facts and circumstances appearing in the record demonstrate that federal declaratory relief was unquestionably appropriate. For example, when the district court is also presented with nondeclaratory claims within its diversity jurisdiction which present the same issues, the usual argument for federal abstention is absent. In such cases, "whether the district court decided the entire controversy, or refrained from deciding part of it, major issues of state law necessarily had to be decided in federal court." Chamberlain v. Allstate, 931 F.2d 1361, 1367 (9th Cir.1991).
 
 
 6
 That is the situation here. The Polonitzas' original complaint included claims for monetary relief, over which the district court was obliged to exercise diversity jurisdiction. Because those claims would have required the district court to resolve the same state law coverage issues, the district court's decision to exercise jurisdiction over the declaratory relief claims was clearly appropriate. Under the circumstances, we will not burden the district court with a remand.
 
 
 7
 Turning to the merits, we conclude that the district court did not err by holding that Federal had no duty to defend or indemnify the Polonitzas. We recognize that under California law an insurer's duty to defend is broader than the duty to indemnify, and extends "to all claims potentially within policy coverage, even frivolous claims unjustly brought." Horace Mann Insurance v. Barbara B., 4 Cal.4th 1076, 1086 (1993). The duty extends "until the underlying lawsuit is concluded or until it has been shown there is no potential for coverage." Montrose Chemical v. Superior Court, 6 Cal.4th 287, 295 (1993).
 
 
 8
 The underlying policies in this case "cover damages a covered person is legally obligated to pay for personal injury or property damage which take place anytime during the policy period and are caused by an occurrence, unless stated otherwise or an exclusion applies." The gravamen of Eberlin's complaint in the underlying action was that the Polonitzas failed to disclose the presence of Native American remains on the property before selling Eberlin their home. The presence of those remains has impeded Eberlin's planned construction activity on the property, reduced its value, and imposed various "remediation" expenses.
 
 
 9
 We agree with the district court that there is no potential for coverage of the Eberlin lawsuit under Federal's policies, and hence no duty to defend. First, Eberlin's claims all alleged either breach of contract or tort duties dependent on the relationship established by the contract of sale. We have held that contract claims, and tort claims deriving from a contractual relationship, do not seek "damages" within the meaning of liability insurance policies under California law. See Stanford Ranch, Inc. v. Maryland Casualty Insurance, 89 F.3d 618 (9th Cir.1996). This case is very similar to Stanford Ranch, and no intervening California authority persuades us that its holding was mistaken.
 
 
 10
 Second, the Polonitzas' alleged misrepresentations or negligence in connection with the sale caused only pure economic loss, and not "property damage" within the meaning of the Federal policies. They define property damage as "physical injury to or destruction of tangible property, including the loss of its use." It stretches language beyond reasonable bounds to suggest that a misrepresentation or nondisclosure has caused "physical injury" to property. We have held, along with the California courts, that nondisclosure claims arising out of real estate transactions are not covered by homeowners' policies for that reason. See, e.g., Safeco Insurance v. Andrews, 915 F.2d 500, 502 (9th Cir.1990) (Safeco ); Devin v. USAA, 6 Cal.App.4th 1149 (4th Dist.1992).
 
 
 11
 Seeking to avoid that conclusion, the Polonitzas draw an interesting analogy to environmental coverage cases. The California courts have held that environmental pollution is "property damage" within the meaning of commercial liability policies. See AIU Insurance v. Superior Court, 51 Cal.3d 807, 842 (1990). Buried artifacts may in some cases limit the usefulness of land, decrease its value, and require expensive "remediation" costs just like toxic waste.
 
 
 12
 Even if we were inclined to accept that strained analogy, however, it would not establish a potential for coverage under the Federal policies. If the burial of those remains constituted "property damage," the damage plainly occurred hundreds or even thousands of years before the policy period, and had nothing to do with the Polonitzas' transient occupancy of the land. Despite the Polonitzas' creative environmental analogy, the theory of liability in Eberlin's lawsuit necessarily focuses on contract of sale; "[a]lthough the defective condition of the property is an element of [Eberlin]'s claims, the defects cannot, even when interpreting the policy broadly, be considered the cause of [Eberlin]'s damages." Safeco, 915 F.2d at 502.
 
 
 13
 The Polonitzas also attempt to demonstrate a potential for coverage through close, technical analysis of a number of different policy provisions, and an extremely speculative and expansive reading of Eberlin's complaint. We are not persuaded by these arguments, and reject them for the reasons stated by the district court. We also agree with the district court that under California law there is no liability for unreasonable delay in denying coverage if no policy benefits are due under the contract.
 
 
 14
 AFFIRMED.
 
 
 15
 Note: This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.