124 F.3d 212
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lynda LOE, Plaintiff-Appellant,
v.
STATE FARM INSURANCE COMPANIES, David Rollins, Defendants-Appellees.
Lynda LOE, Plaintiff-Appellant,
v.
STATE FARM INSURANCE COMPANIES, David Rollins, John McMahon,
Defendants-Appellees.
 Nos. 96-55553, 96-55842.
 United States Court of Appeals, Ninth Circuit.
 Sept. 17, 1997.
 
 Appeal from the United States District Court for the Central District of California, D.C. No. CV-95-08121-WJR; William J. Rea, District Judge, Presiding.
 Before BROWNING, BRUNETTI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 I. No. 96-55553
 A. Motion for Reconsideration
 
 2
 The district court did not abuse its discretion by denying Loe's motion for reconsideration of its order denying leave to amend the complaint. By failing to challenge in her opening brief the district court's holding that she had been impermissibly dilatory in alleging a basis for amending her complaint, Loe has waived her right to challenge this ruling. See In re Pacific Enters. Sec. Litig., 47 F.3d 373, 379 n. 6 (9th Cir.1995).
 
 B. Motion for Summary Judgment
 
 3
 The district court did not err in granting summary judgment for State Farm. By failing to challenge the district court's ruling that the general verdict in the underlying action precluded her from showing the jury awarded her compensatory damages on a theory covered by the umbrella policy, Loe also waived her right to challenge this ruling. See Schneider v. TRW, Inc., 938 F.2d 986, 993 (9th Cir.1991).[1]
 
 II. No. 96-55842
 
 4
 The district court did not err by dismissing Loe's complaint for failure to state a claim.[2]
 
 A. Common Law Fraud Claim
 
 5
 The doctrine of res judicata does not bar Loe's common law fraud claim to the extent she alleges State Farm defrauded her by selling her a worthless policy. This claim arises out of a different transactional nucleus of facts than the common law fraud claim in No. 96-55553, in which Loe alleged State Farm defrauded her when it told her an exculpatory clause in the umbrella policy negated State Farm's liability to her. The doctrine of res judicata does not bar claims that arise out of different transactional nuclei of facts. Costantini v. Trans World Airlines, 681 F.2d 1199, 1201-02 (9th Cir.1982).
 
 
 6
 However, Loe failed to state a common law fraud claim upon which relief could be granted. The elements of a fraud claim under California law are: "(1) a false representation as to a material fact, (2) knowledge of the falsity, (3) intent to defraud, (4) justifiable reliance, and (5) resulting damage." Fraker v. Sentry Life Ins, Co., 23 Cal.Rptr.2d 372, 377 (Cal.Ct.App.1993). Loe did not allege she relied on State Farm's misrepresentations when she decided to purchase an umbrella policy.
 
 
 7
 B. Claim Under Cal. Bus. & Prof.Code § 17200
 
 
 8
 The district court did not err in dismissing Loe's claim under Cal. Bus. & Prof.Code § 17200. Loe correctly asserts that plaintiffs who allege fraud in violation of section 17200 do not violate the rule of Moradi-Shalal. See State Farm Fire & Cas. Co. v. Superior Court, 53 Cal.Rptr.2d 229, 234 (Cal.Ct.App.1996). However, these plaintiffs must make sufficient allegations to support a common law fraud claim. Id. at 237. Loe did not plead a common law fraud claim upon which relief could be granted.
 
 
 9
 We recognize that it is possible to prevail on a section 17200 fraud claim without proving justifiable reliance. See id. at 235. However, Loe's fraud claim cannot rest on section 17200 alone because section 17200 was enacted after Cal. Ins.Code § 790.03. See Manufacturers Life Ins. Co. v. Superior Court, 895 P.2d 56, 69 (Cal.1995).
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The district court made no findings on the record as to whether it was appropriate to exercise its discretion to decide the declaratory relief action. See Government Employees Ins. Co. v. Dizol, 108 F.3d 999, 1010-11 (9th Cir.1997) (requiring findings), reh'g en banc granted, --- F.3d ----, 1997 WL 364763 (9th Cir.1997). We need not remand for findings, however, because it is evident from the record that the exercise of discretionary jurisdiction was inappropriate. Budget Rent-A-Car v. Crawford, 108 F.3d 1075, 1078 (9th Cir.1997). It was unnecessary to decide the declaratory judgment action after the district court determined Loe could not prevail on her collection action because she could not show State Farm had an obligation to indemnify. See Exxon Shipping Co. v. Airport Depot Diner, Inc., No. 95-35819, slip op. 8233, 8240-41 (9th Cir. July 14, 1997)
 
 
 [2]
 For this reason, the court did not err in assuming jurisdiction even though the parties were not completely diverse. "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent" and the district court has diversity jurisdiction over the action. McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir.1987)