ALLSTATE INSURANCE COMPANY, an Illinois Corporation, Plaintiff,

v.

Juliet VENIEGAS; Clarence W.B. Cho; Dixie D. Cho, individually and as Special Administrator for the Estate of Alejandro Basalio Veniegas, Jr., and as guardian of Jase A. Veniegas, Joseph R. Veniegas, Alex Y.K. Veniegas, and Shalei M. Veniegas; and Cheryl Lynn Nakamura Defendants.

No. CIV. 96–01226 DAE.

United States District Court, D. Hawaii.

April 17, 1998.

---

David R. Harada–Stone, McCorriston Miho Miller & Mukai, Honolulu, HI, for Allstate Ins. Co.

Suzanne Terada, Melvin Y. Agena, Heidi M. Ho, Craig K. Furusho, Honolulu, HI, for Juliet Veniegas, Clarence W.B. Cho, Dixie D. Cho, Alejandro Basalio Veniegas, Jr., Jase A. Veniegas, Joseph R. Veniegas, Alex Y.K. Veniegas, Shalei M. Veniegas and Cheryl Lynn Nakamura.

### ORDER DENYING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

DAVID ALAN EZRA, District Judge.

Pursuant to Local Rule 7.2(d), the court finds this matter suitable for disposition without a hearing. After reviewing the motion and the supporting and opposing memoranda, the court DENIES Defendants' Motion to Dismiss Plaintiff's Complaint.

### ·BACKGROUND

This case arises out of an automobile accident which resulted in the death of Alejandro Basalio Veniegas, Jr. ("Decedent"). Decedent was killed while riding on the roof of a Nissan 300 ZX which flipped over. Defendant Clarence Cho was the owner of the Nissan automobile. The following account of the accident is taken from Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss.

Prior to the accident, Decedent had been driving the Nissan and Defendant Cheryl Nakamura ("Nakamura") was a passenger in the car. At some point prior to the incident, Decedent and Nakamura began arguing. During the argument, Decedent drove the Nissan off the main highway and onto Nuuanu Pali Drive. Decedent then stopped the car, got out of the car, and walked over to the passenger side of the vehicle. Decedent opened the passenger side door and ordered Nakamura out of the vehicle. Nakamura closed the passenger side door and locked the passenger side door and the driver side door. Nakamura then started the car. Decedent jumped on the roof of the car as the car was pulling away. The car skidded across the roadway and hit a dirt embankment which caused the vehicle to overturn. Decedent was taken to Queen's Medical Center where he was pronounced dead. Nakamura alleges that she was also injured as a result of the accident.

Plaintiff Allstate Insurance Company ("Plaintiff") asserts that Nakamura did not have permission to drive the Nissan vehicle. Plaintiff also states that Nakamura was aware that the owner of the vehicle, Defendant Cho, had instructed the Decedent not to let anyone else drive the car.

At the time of the accident, the Nissan was insured under a no-fault automobile insurance policy issued to Defendant Cho by Plaintiff. The insurance policy provided Personal Injury Protection ("PIP"), or no-fault, coverage of up to $50,000 per person for accidental harm arising out of the operation,

maintenance or use of the insured vehicle. Cho is also the named insured under a second automobile insurance policy issued by Plaintiff. Decedent and his wife, Defendant Juliet Veniegas, were further insured under a third insurance policy provided by Plaintiff.

On December 24, 1996, Plaintiff filed a Complaint for Declaratory Judgment, seeking a declaration from this court that Plaintiff "is not obligated to provided PIP coverage benefits or any other coverage, whether for defense or indemnity, first-party or third-party, to Defendants under the aforementioned insurance policies."

Nearly eight months later, on July 8, 1997, Defendants Dixie D. Cho, Shalei M. Veniegas, Clarence W.B. Cho, and Juliet Veniegas filed a state court action against Defendant Cheryl Nakamura in the Circuit Court for the First Circuit of Hawaii, alleging that Cheryl Nakamura's negligence caused the accident. On July 16, 1997, Defendants Juliet Veniegas, Clarence W.B. Cho, and Dixie D. Cho, Individually and as Special Administrator for the Estate of Alejandro Basalio Veniegas, Jr., and as special guardian of Jase A. Veniegas, Joseph R. Veniegas, Alex Y.K. Veniegas, and Shalei M. Veniegas (collectively referred to as "Defendants") filed the instant Motion to Dismiss Plaintiff's Complaint based on the pendency of the underlying state action.

### DISCUSSION

Defendants argue that the court should decline to exercise jurisdiction over this case, and therefore dismiss Plaintiff's complaint. Defendants contend that the Ninth Circuit has concluded that federal courts should generally decline to exercise jurisdiction over declaratory relief actions involving insurance coverage whenever there is a pending state action. Defendants therefore conclude that because there is a state action pending in this case, the court should not hear Plaintiff's complaint for declaratory relief. Defendants also request that the court award them attorneys' fees and costs under Hawaii Revised Statutes Section 431:10C-211(a), which permits attorney's fees to be awarded to persons making a claim for nofault benefits.

Plaintiff argues that there is no per se rule which requires a federal court to dismiss a declaratory relief action whenever there is a pending state court action. Plaintiff asserts that, instead of applying a per se rule, the court "must balance the facts and circumstances weighing in favor of an exercise of jurisdiction with 'considerations of practicality and wise judicial administration.'" Plaintiff's Memorandum in Opposition, p. 6 (citation omitted). Plaintiff asserts that the facts and circumstances of this case weigh in Plaintiff's favor and therefore support the court's exercise of jurisdiction over this case. Plaintiff also argues that the Ninth Circuit case law does not support dismissal of Plaintiff's complaint because there were no pending state court proceedings at the time Plaintiff filed its complaint for declaratory relief.

Under the Declaratory Judgment Act, an insurance company may file an action in federal court seeking a declaration of its rights and obligations under an insurance contract. However, the Supreme Court has repeatedly emphasized that the Declaratory Judgment Act is "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Wilton v. Seven Falls Co.,* 515 U.S. 277, 287, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995) (quoting *Public Service Comm'n v. Wycoff Co.,* 344 U.S. 237, 241, 73 S.Ct. 236, 97 L.Ed. 291 (1952)). Before exercising this discretion, "a district court must consider the impact on sound judicial administration, and federalism concerns against forum shopping that may result from the issuance of a declaration regarding unresolved issues of state law in a diversity action." *Budget Rent–A–Car v. Crawford,* 108 F.3d 1075, 1078 (9th Cir.1997).

In the Ninth Circuit's recent decision in *Government Employees Ins. Co. v. Dizol,* 133 F.3d 1220, 1225 (9th Cir.1998), the court explained that where a party properly objects to the exercise of discretionary jurisdiction by the district court pursuant to the Declaratory Judgment Act, "the district court must make a sufficient record of its reasoning to enable appropriate appellate review." In deciding whether to exercise jurisdiction over a complaint for declaratory relief in an insurance coverage case, "[t]he *Brillhart [v. Excess Ins. Co. of America,* 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942)]

factors remain the philosophic touchstone for the district court. The district court should avoid needless determination of state law issues; it should discourage litigants from filing declaratory actions as a means of forum shopping; and it should avoid duplicative litigation. If there are parallel state proceedings involving the same issues and parties pending at the time the federal declaratory action is filed, there is a presumption that the entire suit should be heard in state court. The pendency of a state court action does not, of itself, require a district court to refuse federal declaratory relief. Nonetheless, federal courts should generally decline to entertain *reactive* declaratory actions." *Id.* (citations omitted) (emphasis added). Finally, the court explained that "there is no presumption in favor of abstention in declaratory actions generally, nor in insurance coverage cases specifically. 'We know of no authority for the proposition that an insurer is barred from invoking diversity jurisdiction to bring a declaratory judgment action against an insured on an issue of coverage.'" *Id.* (citations omitted).

### A. *Avoiding Needless Determinations of State Law*

Under the first factor, the court must determine whether resolution of Plaintiff's complaint for declaratory relief will involve a needless determination of state law. The issue presented in the state court proceeding is whether Defendant Nakamura's negligence caused the automobile accident. The issues involved in Plaintiff's complaint for declaratory relief are whether Defendant Cheryl Nakamura was a permissive user of the insured vehicle, whether the accident is considered an "accidental harm" under the insurance contract, and whether Nakamura's actions constituted intentional conduct.

The issues presented in these two cases are distinct, and the resolution of the issues presented in the underlying state court action will not obviate the need for the court to address the issues presented by Plaintiff in the declaratory relief action. The issues in the underlying state court action solely revolve around an analysis of Hawaii's law with respect to the issue of negligence. The declaratory relief action does not, however, involve an application of negligence law. Instead, resolution of the declaratory relief action will require the application of, and interpretation of, Hawaii's law with respect to the issue of insurance coverage. Accordingly, because the state law issues presented in the two lawsuits are separate and independent, resolution of Plaintiff's declaratory relief action will not involve a needless determination of state law.

### B. *Discouraging Forum Shopping*

Under the second factor, the court must determine whether Plaintiff is using the declaratory relief action as a means of forum shopping. This factor requires the court to examine whether Plaintiff's Complaint for Declaratory Judgment was filed as a "defensive" or "reactive" measure.

In this case, Plaintiff filed its motion for declaratory relief nearly eight months prior to Defendants' filing of the underlying state court action. At the time Plaintiff filed its lawsuit, there was no indication that Defendants were planning to file a lawsuit in state court against Defendant Nakamura. If anything, the facts of this case suggest that Defendants may be attempting to engage in forum shopping. Less than eight days after filing their lawsuit in state court, Defendants filed their motion to dismiss in this lawsuit. If the court were to grant Defendants' motion to dismiss in this case, the court would in effect be encouraging insureds to file a lawsuit in state court as a means of preempting federal court jurisdiction in insurance coverage cases.

The court finds that, in this case, there is absolutely no evidence which suggests that Plaintiff filed the instant lawsuit in an effort to obtain what it believed to be a tactical advantage in having a federal court adjudicate the issue of insurance coverage. Accordingly, the court concludes that Defendants have failed to demonstrate that Plaintiff engaged in forum shopping in filing its lawsuit in federal court.

### C. *Avoiding Duplicative Litigation*

Under the third and final factor, the court must consider whether resolution of Plaintiff's Complaint for Declaratory Judgment would result in duplicative litigation. As dis-

cussed above, the state court action and the federal action involve different applications of state law and the issues presented in the two lawsuits are separate and distinct. Accordingly, continuing with the declaratory relief action in federal court will not result in litigation which is duplicative of the state court proceeding.

Based on the application of the above-mentioned factors, the court concludes that it would not be an abuse of discretion for the court to exercise jurisdiction over Plaintiff's Complaint for Declaratory Relief. The court therefore DENIES Defendants' Motion to Dismiss Plaintiff's Complaint.[1]

## CONCLUSION

For the reasons stated above, the court DENIES Defendants' Motion to Dismiss Plaintiff's Complaint.

IT IS SO ORDERED.

1. As the court has denied Defendants' Motion to Dismiss, the court need not address Defendants' request for attorneys' fees and costs pursuant to H.R.S. § 431:10C–211(a).