**CAPITOL RECORDS, INC., Plaintiff,**

v.

**OPTICAL RECORDING
CORPORATION,
Defendant.**

**No. 92 Civ. 4955 (GLG).**

United States District Court,
S.D. New York.

Oct. 28, 1992.

Memorandum Decision on Denial of
Reargument Nov. 20, 1992.

Ivan S. Kavrukov, Norman H. Zivin, Donna Tobin, Cooper & Dunham, New York City, for plaintiff Capitol Records, Inc.

Lawrence B. Goodwin, Peter Bucci, Robert A. Cote, Davis Hoxie Faithfull & Hapgood, New York City, for defendant Optical Recording Corp.

## MEMORANDUM DECISION

GOETTEL, District Judge.

On July 2, 1992, Plaintiff, Capitol Records, Inc. (Capitol), filed this suit seeking a declaratory judgment that U.S. Patents 3,795,902 and 3,891,794, which are owned by Defendant, Optical Recording Corporation (ORC), are invalid, unenforceable, and uninfringed upon.

ORC is engaged in the research and development of optical data storage technology (compact disks and compact disk equipment) and the license of its related patents. ORC's revenues are substantially derived from licenses of U.S. and foreign patents relating to its compact disk technology, including the patents in this suit. ORC's principal place of business is in Toronto, Canada. ORC has no offices, employees, telephone listings, bank accounts, or assets of any kind in New York. ORC does not manufacture or distribute any products in New York.

ORC's contacts with New York can be summarized as follows. In 1987, ORC held a meeting with Sony Corporation in New York, and attended a trade show at the New York Hilton to demonstrate prototypes of equipment made pursuant to its patents. In June 1990, ORC held a meeting in New York with Laser Magnetic Storage International Company (LMSI) to negotiate a license of the patents in suit. On September 25, 1991, G. John Adamson, president of ORC, held a meeting with Guy Marriott, Senior Vice President and General Counsel of Capitol–EMI Music, Inc., the parent company of Capitol, at Capitol's offices in New York. In June and July of 1992, ORC held three negotiation meetings with Time Warner, Inc. (Time Warner) in New York. The purpose of each of these meetings was to reach a settlement for past infringement and a license for future sales of compact disks and/or compact disk players in the United States.

ORC's September 1991 meeting with Capitol resulted in a settlement offer by ORC. The next day, Mr. Adamson sent Mr. Marriott a letter at his office in New York reiterating ORC's settlement proposal. Mr. Adamson later telephoned Mr. Marriott at his office in New York to further discuss a proposed patent license for the patents in suit between Capitol and ORC.

ORC has also brought two patent infringement actions in New York. In December 1990, ORC filed a patent infringement suit against Denon Digital Industries, Inc. (Denon), a subsidiary of Nippon Columbia Co. Ltd. (Nippon), in the Eastern District of New York. At some other point, ORC also instituted a patent infringement suit against Nippon in the Eastern District of New York.

ORC's efforts to legally enforce its patents have not been confined to New York. ORC recently brought a patent infringement suit against Time Warner and WEA Manufacturing Inc. in the District of Delaware. On June 23, 1992, judgment was entered declaring ORC's patents valid and willfully infringed by Time Warner. On July 2, 1992, Mr. Adamson informed the Managing Director of Thorn EMI Patents Ltd., parent company of Capitol in the United Kingdom, of the outcome of the Time Warner suit by facsimile. That same day, Capitol filed this declaratory judgment action against ORC. Twenty days later, ORC brought an action against Capitol and Capitol–EMI for infringement of the patents in suit in the United States District Court for the District of Delaware. This Delaware action was assigned to United States District Judge Joseph J. Farnan who previously presided over the Time Warner trial. On October 16, 1992, Judge Farnan denied a motion by Capitol to dismiss in deference to the New York action, to stay pending a determination of the New York action, or to transfer the Delaware action for consolidation with the New York action.

Before the court is ORC's motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure or, in the alternative, to stay Capitol's declaratory judgment action. Under Rule 4(e), Fed.R.Civ.P., a non-resident corporation is subject to personal jurisdiction pursuant to state law. Fed. R.Civ.P. 4. Here, Capitol asserts personal jurisdiction under sections 301 and 302 of the N.Y.Civ.Prac. Law. Capitol need only make a prima facie showing of personal jurisdiction since ORC has challenged jurisdiction by a Rule 12(b)(2) motion. *Ball v. Metallurgie Hoboken–Overpelt S.A.*, 902 F.2d 194, 197 (2d Cir.1990), *cert. denied*, 498 U.S. 854, 111 S.Ct. 150, 112 L.Ed.2d 116 (1990).

■ Under section 301, a non-domiciliary is subject to personal jurisdiction in New York over any cause of action if it is engaged in a "continuous and systematic course of 'doing business' [in New York] as to warrant a finding of its 'presence'" in the jurisdiction. N.Y.Civ.Prac. L. & R. 301 (McKinney 1990); *Beacon Enterprises v. Menzies*, 715 F.2d 757, 762 (2d Cir.1983). A non-domiciliary must be doing business in New York more than occasionally or casually; it must be doing business with a "fair measure of permanence and continuity." *Laufer v. Ostrow*, 55 N.Y.2d 305, 449 N.Y.S.2d 456, 458, 434 N.E.2d 692, 694 (1982). This determination involves a case-specific assessment, requiring a careful consideration of all the facts and circumstances without relying too heavily on any one factor. *Katz Agency, Inc. v. Evening News Ass'n*, 514 F.Supp. 423, 427 (S.D.N.Y. 1981), *aff'd* 705 F.2d 20 (2d Cir.1983).

Capitol contends that ORC is engaged in a continuous and systematic course of doing business in New York under section 301. Capitol concedes that ORC does not maintain the traditional indicia of doing business, but argues that the cumulative effect of: ORC's attendance at a trade show in New York in 1987; the presence of ORC's primary patent counsel, Davis Hoxie Faithfull & Hapgood, in New York; six negotiation meetings to discuss settlement offers and future licenses in New York from 1987 through 1992; a letter to Capitol in New York relating to the settlement offer; a phone call to New York relating to future licenses; and the two patent in-

fringement suits brought by ORC in the Eastern District of New York, are sufficient to establish that ORC is doing business in New York.

■■■ To establish personal jurisdiction, the business conducted in New York must not be peripheral to the main business of the corporation, but must be a substantial part of that corporation's business. *Potter's Photographic Applications Co. v. Ealing*, 292 F.Supp. 92, 99 (E.D.N.Y.1968). ORC does not maintain the traditional indicia of doing business because it does not manufacture or sell tangible goods. However, a substantial part of its business is the protection and licensing of its patents. ORC is engaged in the research and development of compact disks and compact disk equipment; thus, protecting the fruits of its research and development of its patents, is essential to the operation of ORC. Negotiation of future patent licenses is of significant importance to ORC because of the considerable economic benefit ORC stands to derive from such licenses.

In this unusual situation, where a substantial part of ORC's business is protecting its patents, ORC's contacts with New York to protect such patents are sufficient to constitute "doing business" in the state under section 301. Because we have found personal jurisdiction under section 301, we do not need to review jurisdiction under section 302, the "transacting of business" standard. Although this case presents a novel determination of jurisdiction, the facts persuade the court that ORC is present in New York with such permanence and continuity as to justify the assertion of personal jurisdiction over it. Thus, Capitol's motion to dismiss for lack of personal jurisdiction is denied.

■■■ ORC argues that if we find personal jurisdiction, this cause of action should be stayed or dismissed pending disposition of the Delaware action. The general rule in the Second Circuit is that "as a principle of sound judicial administration, the first suit should have priority, 'absent the showing of balance of convenience in favor of the second action.'" *Remington Products Corp. v. American Aerovap,*

*Inc.*, 192 F.2d 872, 873 (2d Cir.1951). The balance of convenience between competing jurisdictions should be left to the sound discretion of the district court. *Joseph Bancroft & Sons Co. v. Spunize Co. of America*, 268 F.2d 522 (2d Cir.1959). When an action in two federal district courts embrace the same issue, "the first court has jurisdiction to enjoin the prosecution of the second action." *Meeropol v. Nizer*, 505 F.2d 232, 235 (2d Cir.1974). Here, both the New York action and the Delaware action "embrace" the same issues. Therefore, it appears that the "first-filed rule" could be applied in Capitol's favor.

■■■ However, an exception to the first-filed rule applies when "special circumstances" warrant giving priority to the second suit. *William S. Gluckin & Co., Inc., v. International Playtex Corp.*, 407 F.2d 177, 178 (2d Cir.1969). Special circumstances include when the plaintiff in the first action is solely motivated by forum shopping in the choice of forum for the first suit. *Id.; Rayco Mfg. Co. v. Chicopee Mfg. Co.*, 148 F.Supp. 588 (S.D.N.Y.1957). Forum shopping occurs when a litigant selects a forum with only a slight connection to the factual circumstances of his action, or where forum shopping alone motivated the choice. *Rayco Mfg.*, 148 F.Supp. at 593.

■■■ ORC argues that Capitol's New York suit should be stayed pending disposition of the Delaware suit because Capitol chose New York as a result of forum shopping. However, New York has more than a "slight connection" to this litigation. Capitol's principal place of business is in New York. ORC's primary patent counsel in the United States is located in New York. The events that led to this declaratory judgment action include the negotiations between Capitol and ORC in New York. Furthermore, ORC has conducted negotiations with other potential licensees and brought two patent infringement suits against other patent infringers in New York. Capitol's choice of New York is not unreasonable because this suit has more than a "slight connection" to New York.

Thus, forum shopping cannot be found to be the sole basis for Capitol's choice of New York.

■ However, this articulated exception to the first-filed rule is not the only exception that may be considered. *Gluckin*, 407 F.2d at 178. The presumption in favor of the forum of the first filed suit is a general rule. *Brierwood Shoe Corp. v. Sears, Roebuck & Co.*, 479 F.Supp. 563, 568 (S.D.N.Y. 1979). "[I]ssues should be tried in the district where suit is first brought unless there are other factors of substance which support the exercise of the court's discretion ... in favor of proceeding first in another district." *Mattel, Inc. v. Louis Marx & Co.*, 353 F.2d 421, 424 (2d Cir. 1965), *petition for cert. dismissed*, 384 U.S. 948, 86 S.Ct. 1475, 16 L.Ed.2d 546 (1966). "Wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation, does not counsel rigid mechanical solution of such problems." *Kerotest Mfg. v. C–O–Two Fire Equipment Co.*, 342 U.S. 180, 183, 72 S.Ct. 219, 221, 96 L.Ed. 200 (1951).

In *Columbia Pictures Industries, Inc. v. Schneider*, 435 F.Supp. 742 (S.D.N.Y.1977), *aff'd* 573 F.2d 1288 (2d Cir.1978), plaintiffs brought a defensive declaratory judgment action in New York in response to a "threatening letter" from defendants. Six days later, defendants filed an action in California for antitrust violations, breach of contract, violation of fiduciary duty, and conspiracy to defraud. The New York court stayed the declaratory judgment action pending disposition of the California action. The "factors of substance" relied upon by the court included the defendant's good faith attempts at settlement, judicial economy, the minimal difference in time between the filing of the two complaints, and the fact that litigation had not proceeded in either district. The court held that these constituted factors of substance which warranted departure from the first-filed rule in favor of proceeding first in California.

Judicial economy is a factor of substance that weighs heavily in favor of departing

from the first-filed rule. There will be a significant conservation of judicial resources if this action is transferred to Delaware. The Delaware action has been assigned to United States District Judge Farnan. Judge Farnan recently conducted the Time Warner trial; a five week jury trial regarding the validity of the same patents in suit. Patent litigation, particularly involving high-technology patents, is notoriously difficult. To conduct such a trial the court must be educated on both the technology in general and the particular patents in suit. Judge Farnan's knowledge gained in the earlier Time Warner suit will allow a significant conservation of scarce judicial resources. In addition, his experience and familiarity with the patents reduces the possibility of a mistake at trial, and the consequent use of additional judicial resources to correct the problem.

The policy of promoting the amicable settlement of disputes also weighs in favor of proceeding in Delaware. "Potential plaintiffs should be encouraged to attempt settlement discussions (in good faith and with dispatch) prior to filing lawsuits without fear that the defendant will be permitted to take advantage of the opportunity to institute litigation in a district of its own choosing" before the plaintiff files a complaint. *Columbia Pictures*, 435 F.Supp. at 747 (S.D.N.Y.1977). ORC's letter informing Capitol of the Time Warner decision proposed further discussions to negotiate a settlement and avoid litigation. In response, Capitol filed this action the day it received the letter. Allowing Capitol to proceed in the forum of its choosing based solely on the first-filed rule would undermine the policy of promoting good faith efforts to achieve a settlement.

Another factor that weighs against application of the first-filed rule is that this action was essentially a victory in a race to the courthouse triggered by ORC's letter. ORC's letter served the dual purpose of proposing further settlement discussion and putting Capitol on notice that failure of the negotiations would lead to legal action. "When a declaratory judgment action has been triggered by a notice letter, this equi-

table consideration may be a factor in the decision to allow the later filed action to proceed to judgment." *Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 219 (2d Cir.1978), *cert. denied*, 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979).

The Delaware action has also proceeded further than this action. The Delaware court has already permitted Capitol to commence discovery and a trial date has been set for January 24, 1993.

Finally, the date of filing is less important when the competing actions are filed within a short period of time. *Gibbs & Hill, Inc. v. Harbert International, Inc.*, 745 F.Supp. 993, 996 (S.D.N.Y.1990). Only twenty days elapsed between the filing of the two complaints and no discovery or other pretrial proceedings had occurred in either forum at that time. Therefore, "no judicial inefficiency or duplication of efforts will result from requiring the parties to litigate their dispute" in Delaware. *Columbia*, 435 F.Supp. at 748.

Together, these factors of substance support the exercise of the court's discretion in rejecting the application of the first-filed rule. Thus, this court denies ORC's motion to dismiss. Although ORC has only moved for a dismissal or stay, this court has the jurisdiction to transfer this case to Delaware. 28 U.S.C. § 1404(a) provides for the transfer of any civil action "[f]or the convenience of the parties, in the interest of justice ... to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (1976). Such a transfer is committed to the sound discretion of the trial court. *Leif Hoegh & Co., v. Alpha Motor Ways, Inc.*, 534 F.Supp. 624, 626 (S.D.N.Y.1982). In exercising this discretion, the district court will consider the convenience to the parties and witnesses, and whether the administration of justice will be advanced by a transfer. *Schneider v. Sears*, 265 F.Supp. 257, 263 (S.D.N.Y. 1967). The court must also weigh all the circumstances surrounding the case to determine where the trial should most appropriately proceed. *Contractors Supply Corp. v. Kelly Klosure, Inc.*, No. 80–4327, slip op. at 8 (S.D.N.Y. Feb. 20, 1981).

The court has already stated why this action is more efficiently managed in Delaware. For the same reasons, the court is persuaded that transfer, rather than a stay of this matter is more appropriate under § 1404(a). As a threshold matter, it cannot be disputed that this action could have been brought in Delaware where Capitol is incorporated. The relevant fact witnesses and documents are located outside of New York. Thus, the convenience of the parties is evenly balanced between New York and Delaware. However, the interests of justice strongly favor a transfer to Delaware. Judge Farnan who presided over the Time Warner trial is also presiding over the Delaware action which involves the same parties and the same patents in suit. Judge Farnan has developed a familiarity with the relevant technology and the patents in suit as stated in his opinion denying Capitol's motion to dismiss, stay, or transfer the Delaware action. The preservation of judicial resources and the prevention of duplicative litigation mandate that this case be transferred to the District of Delaware in the interest of the administration of justice.

Thus, the significant savings in judicial resources that will result from allowing the action to proceed before Judge Farnan, the policy of promoting amicable dispute resolution, and the nature and timing of this action convince this court to exercise its discretion and transfer this proceeding. Therefore, ORC's motion to dismiss for lack of personal jurisdiction is denied, and this action is transferred to the U.S. District Court for the District of Delaware.

SO ORDERED.

### MEMORANDUM DECISION ON DENIAL OF REARGUMENT
#### NOV. 20, 1992

Plaintiff, Capitol Records (Capitol), moves for reargument of Defendant's, Optical Recording Corporation (ORC), motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Fed. R.Civ.P. or, in the alternative, to stay Capitol's declaratory judgment action. Capitol presents two arguments in support of the motion for reargument. First, Capitol con-

tends that its declaratory judgment action was improperly transferred because that action could not properly have been brought in Delaware. Second, Capitol contends that the issues raised and considered in the Time Warner action are vastly different than the issues to be considered here, presumably undermining this court's decision to reject the "first-filed rule" in this case.

A district court may transfer any civil action to any other district where the action may have been brought. 28 U.S.C. § 1404(a). Capitol contends that this action could not properly have been brought in Delaware because Delaware had no personal jurisdiction over ORC. Under the Delaware long-arm statute, the court may exercise personal jurisdiction over any non-resident who "[t]ransacts any business or performs any character of work or service in the State...." 10 Del.C. § 3104(c)(1). Unlike New York's long-arm statute, the Delaware long-arm statute has been interpreted to extend to the limit of due process. *Afros S.A. v. Krauss–Maffei Corp.*, 624 F.Supp. 464, 466 (D.Del.1985).

ORC retains patent counsel in Delaware, has conducted licensing-related meetings, and negotiated licenses for the patents in suit in Delaware. Such meetings and negotiations occurred with DuPont and Phillips corporations. Thus, jurisdiction exists over ORC in Delaware. In the earlier motion we rejected ORC's argument that under similar facts, it was not susceptible to jurisdiction in New York.

Capitol contends that we should reconsider allowing this action to go forward under the first-filed rule because the issues raised here are vastly different than those raised in the Time Warner action. In deciding the motion to dismiss, we noted several "factors of substance" in support of our decision to reject the first-filed rule in this case. One of the factors of substance we cited was the conservation of judicial resources made possible by Judge Farnan's experience and familiarity with the patents in suit and compact disk technology in general.

Capitol contends that the nature of their activities are so different from those of Time Warner that Judge Farnan's expertise will not significantly conserve judicial resources. Even if we were persuaded that the differences in the two cases are significant enough to completely nullify this factor, the other factors of substance would be sufficient to support the exercise of the court's discretion in rejecting the application of the first-filed rule.

Therefore, Capitol's motion for reargument is denied.

SO ORDERED.