**RECOTON CORPORATION, Plaintiff,**

v.

**ALLSOP, INC., Defendant.**

**No. 97 Civ. 8412(RWS).**

United States District Court, S.D. New York.

April 6, 1998.

Fitzpatrick, Cella, Harper & Scinto, New York by Leonard J. Santisi, John D. Carlin, Thomas D. Pease, New York City, for Plaintiff.

Darby & Darby by Martin E. Goldstein, James E. Hanft, New York City, Christensen O'Connor Johnson & Kindness by James R. Uhlir, Paul L. Gardner, Lawrence D. Graham, Seattle, WA, for Defendant.

*OPINION*

SWEET, District Judge.

Defendant Allsop, Inc. ("Allsop") moves to transfer this action brought by plaintiff Recoton Corporation ("Recoton") to the Western District of Washington at Seattle pursuant to 28 U.S.C. § 1404(a). For the reasons set forth below, Defendants' motion is hereby granted.

### The Parties

Recoton is a New York corporation that manufactures and sells audio and video machine cleaning devices. While Recoton maintains an office in New York, its principal place of business is in Florida. Recoton manufactures its devices overseas.

Allsop is a Washington corporation, with its principal place of business in Bellingham, Washington. Allsop also manufactures and sells audio and video machine cleaning devices. Allsop manufactures its audio disc cleaners in Washington.

### Prior Proceedings

Recoton filed a complaint for declaratory judgment and patent infringement in the Southern District of New York on November 12, 1997.

On November 14, 1997, Allsop filed a similar complaint for declaratory judgement and patent infringement against Recoton in the Western District of Washington. Recoton filed a motion in the Western District of Washington to transfer the complaint to this district on January 22, 1998, which was denied on March 24, 1998. *See Allsop, Inc. v. Recoton Corp.*, No. C97–1792Z (W.D.Wash. Mar. 24, 1998).

Allsop filed this motion to transfer venue to the Western District of Washington on January 15, 1998. The motion was deemed fully submitted on February 11, 1998 without oral argument.

### The Facts

Allsop owns three patents: (1) U.S. patent No. 4,387,411 (the "'411 patent") (for a video cleaner); (2) U.S. patent No. 4,556,433 (the "'433 patent") (for a digital audio disk cleaner); and (3) U.S. patent No. 4,713,856 (the

" '856 patent") (for a digital audio disk cleaner).

Recoton owns one patent, U.S. patent No. 4,561,142 (the " '142 patent"), for an audio disk cleaner, which it acquired when it took over another company, Discwasher, in the mid–1990's. Discwasher maintained its principal offices in Missouri.

Allsop alleges that, in the late 1980's, an infringement dispute erupted between Allsop and Discwasher over Discwasher's '142 patent and Allsop's '433 and '856 patents. To settle this dispute, Allsop alleges that it entered into an oral agreement with Discwasher that bound both parties not to enforce their patents against each other. Allsop alleges that Recoton not only knew about the Discwasher agreement with Allsop, but that Recoton continued to abide by the agreement after it took over Discwasher. Allsop further alleges that Recoton continues to be bound by this agreement, and thus has breached this agreement by filing its complaint.

Recoton's complaint, filed in this district on November 12, 1997, requests a declaratory judgment that Allsop's three patents are invalid and/or are not infringed by Recoton. The complaint also alleges infringement of Recoton's '142 patent and tortious interference with business relationships.

Allsop's complaint, filed in the Western District of Washington on November 14, 1997, requests a declaratory judgment on the invalidity or non-infringement of Recoton's '142 patent and the validity of the Discwasher/Allsop agreement. Allsop also claims infringement of its three patents, and seeks injunctive relief.

## Discussion

### I. *Legal Standard*

■ Allsop contends that this case—filed two days before the Washington action was filed—should be transferred to the United States District Court for the Western District of Washington on the grounds that this is an inconvenient forum for the action. Section 1404 of title 28 of the United States Code provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might

have been brought." The moving party bears the burden of establishing that there should be a change of forum. *Elite Parfums, Ltd. v. Rivera*, 872 F.Supp. 1269, 1271 (S.D.N.Y.1995).

### II. *First Filed Doctrine Is Not Dispositive Here*

■ The general rule in the Second Circuit is that "as a principle of sound judicial administration, the first suit should have priority, 'absent the showing of balance of convenience in favor of the second action.' " *Capitol Records, Inc. v. Optical Recording Corp.*, 810 F.Supp. 1350, 1353 (S.D.N.Y.1992) (quoting *Remington Prods. Corp. v. American Aerovap, Inc.*, 192 F.2d 872, 873 (2d Cir.1951)). As this Court has recently held, however, the first-filed doctrine "does not supersede the inquiry into the balance of convenience required under § 1404." *River Road Int'l, L.P. v. Josephthal Lyon & Ross Inc.*, 871 F.Supp. 210, 214–15 (S.D.N.Y.1995) (citing *Rolls–Royce Motors, Inc. v. Charles Schmitt & Co.*, 657 F.Supp. 1040, 1061 (S.D.N.Y.1987)). Notwithstanding which case was filed first, the balance of convenience between competing jurisdictions is left to the sound discretion of the district court. *See Capitol Records*, 810 F.Supp. at 1353 (citing *Joseph Bancroft & Sons Co. v. Spunize Co. of Am.*, 268 F.2d 522 (2d Cir.1959)).

Special circumstances may warrant an exception to the first-filed doctrine. *See William Gluckin & Co. v. International Playtex Corp.*, 407 F.2d 177, 178 (2d Cir.1969). The Supreme Court has endorsed this case-specific approach, and has held that "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation, does not counsel rigid mechanical solution of such problems." *Kerotest Mfg. Co. v. C–O–Two Fire Equip. Co.*, 342 U.S. 180, 183, 72 S.Ct. 219, 96 L.Ed. 200 (1952).

■ The exceptions to the first filed doctrine include judicial economy, the minimal difference in time between the filing of the two actions, and the lack of progress in either litigation. *See Columbia Pictures Indus., Inc. v. Schneider*, 435 F.Supp. 742

(S.D.N.Y.1977), *aff'd*, 573 F.2d 1288 (2d Cir. 1978); *Capitol Records,* 810 F.Supp. at 1354.

Each of these factors is present here. Judicial economy, "a factor of substance that weighs heavily in favor of departing from the first-filed rule," *Capitol Records,* 810 F.Supp. at 1354, would be served by avoiding duplicative litigation of identical issues in the Washington action and the New York action. Because the Washington court has denied Recoton's transfer motion, transfer of the New York action is a means of avoiding the waste of conducting two, mirror-image litigations of the same issues.

The importance of the earlier date of filing is diminished where, as here, the competing actions are filed within a short period of time of each other. *See Capitol Records,* 810 F.Supp. at 1355 (transferring first-filed action to district in which action was filed twenty days later). Here, only two days passed between the filing of the two actions. Accordingly, no further progress has been made in this action that would militate against transfer to another district.

These factors, taken together, support the exercise of the Court's discretion in rejecting application of the first-filed doctrine. *See Riviera Trading Corp. v. Oakley, Inc.,* 944 F.Supp. 1150, 1159 (S.D.N.Y.1996) (rejecting exercise of application of first-filed doctrine where, among other things, second action filed within four days of first action and no significant difference in progress of litigation); *Capitol Records,* 810 F.Supp. at 1355.

### III. Application of the Venue Transfer Factors Favors Transfer to Washington

There are eight factors to consider in deciding whether to transfer venue pursuant to section 1404(a): (1) the place where the operative facts occurred; (2) the convenience of the parties; (3) the convenience of the witnesses; (4) the relative ease of access to sources of proof; (5) the availability of process to compel attendance; (6) the Plaintiff's choice of forum; (7) the forum's familiarity with governing law; and (8) trial efficiency and the interests of justice. *See Linzer v. EMI Blackwood Music,*

*Inc.,* 904 F.Supp. 207, 216 (S.D.N.Y.1995); *Viacom Int'l v. Melvin Simon Prods., Inc.,* 774 F.Supp. 858, 867–68 (S.D.N.Y.1991); *Don King Productions, Inc. v. Douglas,* 735 F.Supp. 522, 533 (S.D.N.Y.1990). Each of these factors will be addressed seriatim.

#### Factor 1: *Place where the operative facts occurred*

Of the four patents in question, three of them, belonging to Allsop, were prosecuted in Washington State. Recoton acquired the fourth patent from Discwasher, a company that prosecuted the patent in neither Washington or New York. The agreement to not enforce the patents was negotiated, at least in part, in Washington and not at all in New York. Allsop's products that are the subject of Recoton's patent infringement claims are manufactured in Washington. In short, none of the operative facts in this claim occurred in New York, and most of them occurred in Washington State.

#### Factors 2, 3 and 4: *The convenience of the parties and witnesses and the relative ease of access to sources of proof*

The majority, if not all, of Allsop's officers, employees and inventors who can be called as witnesses are located in Washington, as are its business records. On the other hand, although Recoton is incorporated in New York, its principal place of business is in Florida. Its officers, most employees and relevant business records are in Florida, and possible witnesses would need to travel to New York for trial. Although there may be more frequent flights between Florida and New York than Florida and Washington, and the trip is shorter, the marginal increase in inconvenience to Recoton is outweighed by the significant convenience to Allsop to litigate without any travel.

#### Factor 5: *The availability of process to compel attendance*

The court could compel attendance in either forum, so this factor does not weigh in either way in the analysis.

#### Factor 6: *The Plaintiff's Choice of Forum*

Plaintiff's choice of forum should usually be favored particularly where, as discussed above, there are two independent actions and

Recoton filed first. However, for the reasons discussed above, this factor is not sufficient to outweigh the convenience of the parties demonstrated by the other factors here.

### Factor 7: *The forum's familiarity with governing law*

Since patent law is federal law, any district court may handle a patent case with equal skill. However, should either party offer evidence relating to the Allsop/Discwasher agreement, and if such agreement is governed by Washington law, then the Washington forum would be favored. Accordingly, this factor is neutral or slightly favors Washington.

### Factor 8: *Trial efficiency and the interests of justice*

Finally, as discussed above, the Washington court has denied Recoton's motion to transfer the second action to this Court. Accordingly, if this Court were to deny Allsop's motion to transfer, the parties may be subject to duplicative litigation. Therefore, in the interests of justice, and in the absence of any other factor weighing significantly on the side of maintaining the action in New York, the case should be transferred.

### *Conclusion*

For the reasons set forth above, Allsop's motion to transfer this action to the Western District of Washington is granted.

It is so ordered.