**TIG INSURANCE COMPANY, INC., Plaintiff,**

v.

**DILLARD'S INC., Defendant.**

**No. CV-S-00-0980-RLH(RJJ).**

United States District Court, D. Nevada.

March 6, 2001.

---

V. Andrew Cass, Riley Clayton, Law Office of V. Andrew Cass, Las Vegas, NV, Frank L. Steeves, Crivello, Carlson, Mentkowski & Steeves, Milwaukee, WI, for plaintiff.

Alan Lefebvre, Lefebvre & Associates, Chtd., Las Vegas, NV, for defendant.

## ORDER

HUNT, District Judge.

Before the Court is **Defendant, Dillard's, Inc.'s (1) Motion Praying the Court to Exercise its Discretion to Decline Jurisdiction Over This Declaratory Judgment Action Pursuant to 28 U.S.C. § 2201; or (2) in the Alternative, Transfer Venue to the United States District of Arkansas Pursuant to U.S.C. § 1404 Based on the Principles of Forum Non Conveniens; or (3) in the Alternative, Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6) for Failure to Join an Indispensable Party** (# 4, filed December 4, 2000). Plaintiff's Opposition (# 8) was filed January 5, 2001. Defendant's Reply (# 12) was filed January 31, 2001.

## BACKGROUND

This suit was filed seeking declaratory judgment regarding insurance coverage of a policy of insurance issued by Plaintiff TIG Insurance Company ("TIG") to Dillard's, Inc. ("Dillard's"), a retail department store chain.

TIG is a California corporation with its principal place of business and offices located in Irving, Texas. Dillard's is a Delaware corporation with its principal place of business and offices in Little Rock, Arkansas. Dillard's has over 300 traditional stores and five centers in 29 states, including Nevada.

The circumstances of the issuance of the policy are somewhat murky because the parties have made different, although not necessarily contradictory, statements regarding it. The insurance policy was obtained for Dillard's by an insurance brokerage named Rebsamen Insurance, Inc., also located in Arkansas. Assuming all the representations are true (they were not denied), TIG marketed their policy in Arkansas, but the broker actually went to Texas to make arrangements for the coverage. The policy was issued in Texas, but executed in Arkansas. It is a policy of liability insurance.

The coverage question arises from a judgment against Dillard's, obtained in Nevada, by a former Dillard's employee (Florence Beckwith), based upon adverse employment action. The lawsuit was filed on October 12, 1996. Judgment was entered November 10, 1997. The former employee was awarded $424,028.00 for her Second Cause of Action (Tortious Constructive Discharge in Violation of Public Policy), plus Punitive Damages of $1,272,084.00 under the same cause of action. She was awarded $200,000.00 for her Fifth Cause of Action (Intentional Infliction of Emotional Distress), together with Punitive Damages in the amount of $600,000.00 for that cause of action, for a total sum of $2,496,112.00, together with an award of $518,455.00 in attorneys' fees, $44,670.68 in taxable costs, prejudgment interest in the amount of $200,000.00, and post judgment interest on the aggregate amount of $3,059,237.68, until paid.

The present action was filed in this Court on August 8, 2000, nearly three years after the judgment. It was served on August 28, 2000, by serving the designated agent of Dillard's. The primary ground for TIG's claim of non-coverage (although not the exclusive ground) was the failure to give timely notice of the claim. On September 19, 2000, Dillard's filed an action for declaratory judgment in the state court of Arkansas, also naming its broker, Rebsamen Insurance, Inc. as a defendant, alleging that the broker had the obligation to give notice to the insurer. Thus, the present action was filed first and the state court action was filed approximately six weeks after this action was filed, but only three weeks after service of process.

Dillard's now asks the Court to defer to the state court action by declining, in its discretion, to accept jurisdiction, and returning this matter to the courts in Arkansas, where the witnesses regarding the policy and notice obligations, who are employees of Dillard's and Rebsamen Insur-

ance, are located. It argues that the lawsuit involves state law issues, that the state court of Arkansas can, and is the only court which can resolve all issues as to all affected parties, that it would be more convenient to the parties and witnesses, that Rebsamen Insurance is an indispensable party over whom this Court has no, and is unable to obtain, jurisdiction. It contends that TIG is merely trying to forum shop and should be precluded therefrom, and that if forced to litigate these issues without Rebsamen as a party, and must then pursue Rebsamen in the Arkansas courts, that it would result in piecemeal litigation in violation of legitimate principles of court administration and economy.

TIG asserts that its invocation of jurisdiction of this Court is proper, *i.e.,* that there is diversity of the parties and the statutory amount is met. It argues that it is Dillard's, not TIG, that is forum shopping. It further contends that the judgment against Dillard's is the event which gives rise to this lawsuit and that judgment was rendered in Nevada. Furthermore, it claims that it was not notified of the Beckwith lawsuit until the matter was between the first jury decision and the trial on punitive damages. However, it argues that the primary issue is the interpretation of the insurance contract and that the Court may not even have to address the notice issue if it finds that the language of the contract precludes coverage under any circumstances. As to this argument, the Court notes that the Complaint raises the failure to give timely notice as the primary grounds for denying coverage. TIG argues that it has invoked proper jurisdiction and the Court is obligated to fulfill those jurisdictional requirements. It contests the claim that Rebsamen is an indispensable party or that Arkansas is a more convenient forum (most of Dillard's witnesses being regular visitors to Nevada).

## LAW

In the seminal *Brillhart* case, the United States Supreme Court held that in a lawsuit for declaratory judgment, where jurisdiction is based upon diversity and the required jurisdictional amount, a federal District Court has jurisdiction, but is under no compulsion to exercise that jurisdiction. *Brillhart v. Excess Ins. Co. of America,* 316 U.S. 491, 494, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942); *See, also, Public Affairs Associates, Inc. v. Rickover,* 369 U.S. 111, 82 S.Ct. 580, 7 L.Ed.2d 604 (1962)(Declaratory Judgment Act an authorization, not a command); *American National Fire Insurance v. Hungerford,* 53 F.3d 1012 (9th Cir.1995).

Rather, federal District Courts possess the discretion in determining whether and when to entertain action under the Declaratory Judgment Act (28 U.S.C. § 2201), even when the suit otherwise satisfies subject matter jurisdictional requirements. *Wilton v. Seven Falls Company,* 515 U.S. 277, 282, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995). The District Court's assumption of jurisdiction is neither automatic nor obligatory. *Id.* at 287, 115 S.Ct. 2137.

In determining whether to exercise jurisdiction in such cases, *Brillhart,* and its progeny, have provided a number of factors to consider in exercising the discretion afforded by the Declaratory Judgment Act. In exercising its discretion, the Court considers the following, to see if they apply:

Is it uneconomical as well as vexatious for the federal District Court to entertain a declaratory judgment suit when there is another suit pending in a state court which presents the same issues and same parties? *Brillhart,* 316 U.S. at 495, 62 S.Ct. 1173.[1]

Would proceeding in federal court amount to a gratuitous interference with

---

1. While as a general rule, the first suit filed should have priority (*Recoton Corporation v. Allsop, Inc.,* 999 F.Supp. 574, 576 (S.D.N.Y. 1998)), that priority evaporates upon a showing that the balance of convenience is in favor of the second action. *Id.* That balance of

the orderly and comprehensive disposition of the state court litigation? *Id.*

Can the matter be better settled in the state court under applicable substantive law? *Id.*

Can the claims of all parties having an interest in the matter be satisfactorily adjudicated in the state court? *Id.*

Have all the necessary parties been joined in the state proceeding? *Id.*

Are all the necessary parties amenable to process in the state court-or the federal District Court? *Id.*

Would the federal District Court's exercise of jurisdiction result in a piecemeal adjudication of the parties' rights? *Wilton,* 515 U.S. at 284, 115 S.Ct. 2137.

. . . .

What effect would the federal District Court's exercise of jurisdiction have on sound judicial administration and economy? *Budget Rent–A–Car v. Crawford,* 108 F.3d 1075, 1078 (9th Cir.1997).

What effect would there be on forum shopping or federal intervention regarding unresolved issues of state law. *Id.*

Do existing remedies and procedures in state court permit the parties to obtain a resolution of the issues set forth in the complaint filed in federal court? *Id.*

█ In addition to the consideration of the foregoing factors, the Court must also give specific consideration to the order of filing, as noted in footnote 1 above. The language of whether suit was "pending in state court" generally means pending at the time the matter was filed in federal court. However, the Ninth Circuit Court of Appeals has recognized that "*Wilton* makes clear that a district court's discretion to decline jurisdiction is not dependent on the pendency of a state court proceeding at the time the federal declaratory judgment action is filed.... [*Wilton,* 515 U.S. at 278, 115 S.Ct. 2137]." *Budget Rent–A–Car,* 108 F.3d at 1079. Citing its decision in *Golden Eagle Ins. Co. v. Trav-*

convenience is left to the sound discretion of

*elers Cos.,* 95 F.3d 807, 810 (9th Cir.1996), the Ninth Circuit stated in *Budget Rent–A–Car,* 108 F.3d at 1080 that "[T]he absence of a parallel state proceeding is not necessarily dispositive; the potential for such a proceeding may suffice." In this case there is certainly an action "pending in state court," although it was not filed until approximately a month and a half after this suit was filed. The fact that it is currently pending, so this Court does not have to depend on the mere possibility that such a suit will be filed, is sufficient. It is apparent that the parties have spent several years trying to resolve this dispute and, when they were unable to do so, resorted to the courts. The fact that one beat the other to the courthouse door is not dispositive of the issue of whether this Court should exercise it authority to keep the case, although it suggests that neither party can reasonably be accused of forum shopping. They each filed where they thought the matter should be litigated.

It is not required that all the foregoing questions be answered in a certain manner for the Court to exercise its discretion. Nor are they exclusive of other considerations. *Brillhart,* 316 U.S. at 495, 62 S.Ct. 1173. If any, or a several of them, are sufficiently compelling, the Court is justified in making its discretionary decision.

## DISCUSSION

The Court will address the issues in the order discussed by the parties in their moving papers. Although they are not discussed in the same order as the issues enumerated above, the issues enumerated above are incorporated and discussed in connection with the topics addressed by the parties.

### A. ACCEPTANCE OF JURISDICTION OF DECLARATORY JUDGMENT ACTION

#### 1. Avoiding Needless Determination of State Issues

█ There are no novel state law issues presented here. However, there are likely

the District Court. *Id.*

to be issues of which state's law governs the contract in question. There is no concern on the part of this Court that it could consider the legal issues which might be presented, but it is the Court's opinion the issues can more completely be resolved where all the important parties are available to the Court.

### 2. Forum Shopping

There is insufficient evidence for this Court to find that either party has engaged in forum shopping, or specifically that this action was filed in this federal District Court for the purpose of forum shopping. I think each party filed their respective lawsuits in the forum it felt was appropriate. If the Plaintiff's Complaint did not so emphatically raise the issue of notice and there was no issue of the rights and obligations of a third party, this matter could possibly proceed here. Usually, this Court gives deference to the choice of the first party to file. However, the Court notes that usually a plaintiff files where it is not only appropriate, but where it is most convenient to that party. In this case there is a distinction from the ordinary situation. Here, the Plaintiff is not a resident or citizen of this district and it does not appear that Nevada is any more convenient to the Plaintiff than Arkansas. It may be that Plaintiff anticipated Dillard's filing an action in Arkansas, and filed here first to avoid litigation in Dillard's home state. However, there is insufficient evidence presented for this Court to find conclusively that such is the case. Accordingly, the Court finds that inasmuch as the convenience to the Plaintiff is not really an issue, the location of, and availability to suit against, the third party, raises the important consideration of judicial economy, which is more compelling in this Court's view.

### 3. Parallel State Action

In reviewing the authorities on this issue, there appears to be, if not a presumption, at least a preference for these matters to be heard in state courts if there exist there the remedies and procedures permitting the plaintiff to obtain a proper resolution of the issues raised in its complaint. *See Budget Rent–A–Car*, 108 F.3d at 1078. Even though Dillard's action in state court was filed after TIG filed this Complaint, it was filed shortly after, and, in any case, it is "pending" at the present time. Furthermore, the third party, Rebsamen Insurance, is there, and has already been named in that suit, and is subject to the jurisdiction of the Arkansas State Court. The contract was apparently executed (at least by Dillard's) there. The potential witnesses are there. *All* issues can be resolved there and it avoids the potential for conflicting judgments and piecemeal litigation.

### 4. Piecemeal Litigation

Whether or not Rebsamen Insurance is determined to be a necessary party to the litigation, there is a high possibility that a second round of litigation will be required if only the issues between TIG and Dillard's are decided here. This Court cannot obtain proper service on this third party, whereas all the parties are available to process in Arkansas.

### 5. Procedural Fencing

This issue does not exist here. Or, at least there is insufficient evidence of its existence here. TIG has otherwise appropriately pled jurisdiction in this Court pursuant to the diversity statute. There is legitimate diversity. The amount in controversy meets the statutory requirements. There is no evidence that TIG is attempting to gain jurisdiction in federal district Court that it would otherwise be improper to obtain.

### 6. Entanglement Between Federal and State Court Systems

This issue is adequately addressed in the paragraphs above.

### 7. *Inconvenience*

Venue is proper in Arkansas. Dillard's headquarters and its witnesses are there. TIG does not reside in either Arkansas or Nevada, but it at least does business in Arkansas and its insureds apparently do business in both states. The events at issue, *i.e.*, the contractual agreement, occurred there. The third party is there. It is more convenience for more parties and more people there. Piecemeal litigation is avoided. Judicial economy and proper judicial administration compels this Court to defer jurisdiction to that venue.

. . . .

After considering the *Brillhart* factors, it is this Court's considered opinion that wise judicial administration and judicial economy compels it to. exercise its discretionary authority to decline jurisdiction, dismiss this matter without prejudice and defer the matter to the state court in Arkansas.

### B. TRANSFER OF VENUE–FORUM NON CONVENIENS

■ The alternative request that this matter be transferred to the Western Division of the Eastern District of Arkansas does not appear to have merit. While it is arguable that the provision in 28 U.S.C. § 1391(a), that when jurisdiction is based only on diversity, an action can be brought where a "substantial part of the events or omissions giving rise to the claim occurred", refers in this case to the execution and completion of the contractual provisions in Arkansas, it is equally arguable that the "events" that gave rise to the claim involve the underlying case and judgment which occurred in the District of Nevada.

The provision in 28 U.S.C. § 1404(a) that for "the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought" does apply here. The action could be brought in the federal District Court in the Western Division of the Eastern District of Arkansas and it certainly would be more convenient to the parties. However, the concern of this Court is that all these issues be addressed where all important parties can be made a part of the action. If this Court were to transfer the matter to the federal court in Arkansas, the addition of the third party, Rebsamen, would destroy the diversity jurisdiction and the matter would be back in state court at any rate. Inasmuch as there is already a state court action in which the third party in question is a party, transferring this case on the basis of forum non conveniens seems to be an unnecessarily fruitless procedure. Accordingly, that motion, or part of the motions, will be denied.

### C. INDISPENSABLE PARTY .

It appears that the third party, Rebsamen Insurance, meets the criteria of an indispensable party under Rule 19, Fed. R.Civ.P. TIG's argument is that this Court may not get to the issue of "notice," in which case the notice issue, and the third party, may not be a necessary consideration. However, the first basis mentioned, and the one most extensively referenced in Plaintiff's Complaint, for the denial of coverage (although there are others claimed as well), is the absence of notice as required under the insurance contract. To suggest that it is only a secondary issue is disingenuous. Dillard's claims that the notice obligation was on its broker, Rebsamen Insurance. The broker is not amenable to the jurisdiction of the Nevada courts. To pursue the action here raises the prospect that only part of the issues may be resolved between only part of the important participants in the relevant events, requiring further litigation in Arkansas. This is neither economical nor good judicial administration of litigation. It raises the specter of contradictory judgments and increases the cost and time expended by the parties. Although the Court will not base its decision on the

**1284**

ground of an indispensable party, it feels it would be justified in doing so.

In conclusion, in consideration of the foregoing, this Court is compelled to exercise it's discretionary authority and decline jurisdiction in this matter for the reasons that this matter can be better addressed in a state court suit which is presently pending, and in which there are existing remedies and procedures which would permit all the relevant parties to obtain a resolution of all the issues which pertain to this matter. Such action would be in the best interests of sound judicial administration and economy. It is more convenient for more parties and more witnesses and is not anymore inconvenient for TIG. It would avoid piecemeal litigation and the potential of conflicting judgments, particularly between federal and state courts, and avoid the gratuitous interference by a federal court of the orderly and comprehensive disposition of state court litigation.

IT IS THEREFORE ORDERED that Defendant, Dillard's, Inc.'s, (1) Motion Praying the Court to Exercise its Discretion to Decline Jurisdiction Over This Declaratory Judgment Action Pursuant to 28 U.S.C. § 2201(4) is GRANTED, and this matter is dismissed without prejudice.

IT IS FURTHER ORDERED that the following alternative motions of Dillard's, requesting, or (2) in the Alternative, Transfer Venue to the United States District of Arkansas Pursuant to U.S.C. § 1404 Based on the Principles of Forum Non Conveniens; or (3) in the Alternative, Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6) for Failure to Join an Indispensable Party, are DENIED.