John H. CAVANAUGH, William F. Reighley, Castle Holdings, L.L.C., Plaintiffs,

v.

BLUEBEARD'S CASTLE, INC., Defendant.

No. 3:99CV1232(WWE).

United States District Court, D. Connecticut.

Nov. 2, 1999.

Lloyd De Vos, Tara Sapru, De Vos & Co., New York City, John E. Curran, Fairfield, CT, for Plaintiffs.

Philip D. Anker, Nicholas P. Coleman, Gary D. Wilson, Wilmer, Cutler & Pickering, Washington, DC, Philip Smith Wellman, Day, Berry & Howard, Hartford, CT, for Defendant.

*RULING ON DEFENDANT'S MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1406(a) OR, IN THE ALTERNATIVE, PURSUANT TO 28 U.S.C. § 1404(a)*

EGINTON, Senior District Judge.

Plaintiffs commenced this action to recover monies allegedly advanced and loaned to Bluebeard's Castle, Inc. ("BCI") during 1998 and 1999. Jurisdiction in this Court is based upon diversity of citizenship.

Now pending is defendant's motion to transfer venue to the Virgin Islands. Defendant moves to transfer venue to the District Court for the Virgin Islands because (1) venue in Connecticut is not proper; and (2) the convenience of the parties favors transfer. Plaintiffs counter that their choice of venue should not be disturbed. Defendant BCI has submitted an affidavit and exhibits in support of its motion to transfer.

## BACKGROUND

Defendant, BCI, is incorporated and has its principal place of business in the Virgin Islands. From 1982 to the present, BCI's business has consisted of selling timeshare ownership interests in Bluebeard's Castle, a timeshare resort; operating the resort facility known as Bluebeard's Castle; and servicing and/or selling promissory notes made by the purchasers of the timeshare ownership interests. The accounting for these promissory notes took place at BCI's Connecticut office.

Plaintiff Castle Holdings was the sole shareholder of BCI from 1995 through 1998. Plaintiff John Cavanaugh was the president and chief executive officer of defendant, BCI, from 1982 to 1999. Plaintiff

William Reighley was the chief financial officer and treasurer of BCI from 1995 to 1999. Cavanaugh and Reighley are Connecticut residents who formerly worked for BCI from its Connecticut office.

In December, 1997, Cavanaugh and Reighley began negotiations on behalf of Castle Holdings for the sale of all BCI stock to Kosmas Group International, Inc. ("KGI"), a Florida corporation. The closing of the stock sale took place in July, 1998. However, KGI retained Cavanaugh and Reighley to oversee BCI until March 29, 1999, when KGI terminated their employment.

The instant action concerns the following series of transactions. Just prior to the closing date, in June, 1998, Cavanaugh allegedly executed seven promissory notes payable on demand on behalf of BCI. From October, 1998 through March, 1999, Cavanaugh and Reighley caused BCI to make interest and principal payments on these notes.

From September through November, 1998, and in April, 1999, Castle Holdings allegedly made a series of loans to BCI as advances on various costs and debts of BCI. Cavanaugh and Reighley then caused BCI to make payments to Castle Holdings in repayment of the advances between October, 1998 and March, 1999. Additionally, BCI allegedly received the benefit of credit card payments on timeshare notes that were actually owed to Castle Holdings.

In November, 1998, Cavanaugh demanded rescission of Castle Holdings' sale of BCI stock to KGI, which demand KGI refused.

In February, 1999, KGI reached an agreement with Equivest Finance, Inc. ("Equivest") to sell BCI. In March, 1999, KGI terminated the employment of Cavanaugh and Reighley due to the sale of BCI to Equivest.

On March 5, 1999, Castle Holdings brought a lawsuit in the District Court for the Virgin Islands against KGI seeking to rescind Castle Holdings' sale of BCI to KGI.

On May 13, 1999, Cavanaugh and Reighley brought suit against KGI and Equivest in the District Court for the Virgin Islands, alleging that KGI wrongfully terminated their employment. KGI and Equivest have counterclaimed that Reighley and Cavanaugh violated their fiduciary duties as employees and officers of KGI. The counterclaim also seeks an accounting for allegedly unauthorized cash disbursements, missing negotiable instruments, and unexplained cash transactions.

On May 15, 1999, the plaintiffs filed the instant action in Connecticut state court, which action has been removed to this court based on diversity of citizenship.

## DISCUSSION

### A. *Transfer Pursuant to Section 1406*

Defendant urges transfer pursuant to Section 1406(a) because venue in Connecticut is allegedly improper. When venue is improper, the district court may transfer the case to any district in which venue is proper. 28 U.S.C. § 1406(a).

Section 1391(a) provides that federal diversity actions may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. The plaintiffs' chosen forum need not have the most substantial contacts to the dispute, but it is sufficient if a substantial part of the events occurred in the forum state. *U.S. Surgical Corp. v. Imagyn Med. Technologies,* 25 F.Supp.2d 40, 43 (D.Conn.1998). The Court should not consider which of two or more potential forums is the best one, but should simply decide whether the forum in question had a "substantial connection" to the plaintiffs' claims.

In this instance, plaintiffs' claims against BCI have a substantial nexus to this district since the claims arise out of contracts made in Connecticut with the expectation of performance in Connecticut.

The promissory notes were executed in Connecticut, and the plaintiffs provided short-term funding to BCI from Connecticut. In turn, BCI was obliged to make repayments in Connecticut. Accordingly, venue is proper in Connecticut.

## B. *Transfer Pursuant to Section 1404*

The defendant argues for transfer to the Virgin Islands pursuant to Section 1404(a), which authorizes transfer to another district where venue is also proper. The purpose of Section 1404(a) is to have federal civil suits tried in the district most suitable in terms of convenience, efficiency and justice. *See Van Dusen v. Barrack,* 376 U.S. 612, 616, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964).

■ The Court must give deference to a strong presumption in favor of a plaintiff's choice of forum, which presumption may be overcome only by clear and convincing evidence that private and public interest factors favor trial in the alternative forum. *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981). When a court weighs all of the relevant factors "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947).

■ The relevant factors are (1) locus of operative facts; (2) access to evidence; (3) convenience of witnesses; (4) availability of compulsory process to compel witness testimony; (5) convenience of the parties; (6) familiarity of the forum with governing law; (7) trial efficiency; (8) the relative financial means of the parties; and a catchall factor (9), interests of justice. The Court considers these factors in the relative order of importance.

### 1. *Locus of Operative Facts*

■ The execution of the promissory notes and the plaintiffs' advances to BCI took place in Connecticut. However, BCI allegedly received the funds at issue at its headquarters in the Virgin Islands. Accordingly, there are significant contacts with both Connecticut and the Virgin Islands, and this factor carries little or no weight in deciding the motion. *National Utility Service, Inc. v. Queens Group, Inc.,* 857 F.Supp. 237, 241 (E.D.N.Y.1994).

### 2. *Location of Relevant Documents*

The claims in this action are rooted in documentary evidence, which exists in both Connecticut and the Virgin Islands. Therefore, the Court finds that this factor favors neither party.

### 3. *Convenience of Witnesses*

Defendant asserts that certain witnesses residing in the Virgin Islands will need to testify to (1) the receipt by BCI of the amounts alleged by the plaintiffs, and (2) the corporate authorization for the indebtedness alleged by the plaintiffs. Although plaintiffs claim that no relevant witnesses reside in the Virgin Islands, the Court is persuaded that these witnesses may provide relevant testimony. Therefore, this factor favors the defendant's motion for transfer. *See United States Surgical Corp.,* 25 F.Supp.2d at 46 (convenience of the witnesses is the most powerful factor governing the decision to transfer a case).

### 4. *Compulsory Process to Compel Witness Testimony*

Plaintiffs assert that the only potential uncooperative nonresident witnesses are officers of KGI who live in Florida or Maryland. These witnesses, who are officers and directors of KGI, may be able to testify to (1) the terms of the KGI/Castle Holdings sales agreement for BCI stock, and to (2) the conduct of Cavanaugh and Reighley as employees of KGI. As defendant points out, if the case were to remain in Connecticut, the parties would be unable to compel the presence of these nonparty witnesses because they reside more than 100 miles from this courthouse. *See* Fed.R.Civ.P. 45(b)(2). Since KGI is al-

ready a party to the related Virgin Islands actions, this factor weighs in favor of transfer to the Virgin Islands where the parties will be more likely to obtain the presence of these witnesses for deposition and trial.

### 5. *Convenience of the Parties*

The Court should not shift the burden of inconvenience from one party to the other. However, the plaintiffs have already filed suit and retained counsel in the Virgin Islands. Plaintiff Cavanaugh maintains an on-going presence in the Virgin Islands. Therefore, transfer of this action to the Virgin Islands will not unduly burden the plaintiffs.

### 6. *Familiarity of the Forum with Governing Law*

Although Connecticut law may well govern this action, this factor does not weigh significantly in favor of retaining a Connecticut venue. Federal courts are accustomed in diversity actions to applying laws foreign to the law of their particular State. With WEST LAW and LEXIS, the laws of Connecticut are readily accessible to the District Court for the Virgin Islands.

### 7. *Trial Efficiency*

The instant action for repayment relates to plaintiffs' two lawsuits pending in the Virgin Islands. Defendant asserts that the sales agreement specifically forbid BCI from taking on new debt at the times that the plaintiffs allege to have issued the promissory notes on behalf of BCI. Accordingly, the merits of both the instant matter and plaintiff's suit to rescind the sale of BCI stock hinge upon the terms of the Castle Holdings/KGI sales agreement.

Similarly, the employment action pending in the Virgin Islands is relevant to the instant action since KGI's and Equivest's counterclaim seeks an accounting for allegedly unauthorized cash disbursements, missing negotiable instruments, and unexplained cash transactions.

Therefore, transfer to the Virgin Islands could potentially allow for coordination or consolidation of the three cases, which will simplify discovery and trial preparation. Additionally, transfer will allow for a more complete adjudication of all disputes and issues between the parties and prevent the potential for the duplicative litigation in separate districts. *See Lever Bros. v. Procter & Gamble Co.*, 23 F.Supp.2d 208, 212 (D.Conn.1998); *Air Express Int'l Corp. v. Consolidated Freightways, Inc.*, 586 F.Supp. 889, 892–893 (D.Conn.1984) (maintaining separate actions is expensive, time consuming and inconvenient to the parties).

### 8. *Relative Financial Means of the Parties*

Plaintiffs have already brought two suits in the Virgin Islands and retained counsel there. Accordingly, the plaintiffs have not previously considered litigation in the Virgin Islands to be a financial barrier, and this factor does not weigh against transfer.

### *CONCLUSION*

For the foregoing reasons, the defendant has sustained its burden of proving that the balance is strongly in favor of the defendant's motion to transfer pursuant to Section 1404. Accordingly, defendant's motion to transfer pursuant to Section 1404 [doc. # 6–2] is GRANTED, and defendant's motion to transfer pursuant to Section 1406 [# 6–1] is DENIED. Plaintiff's pending motion for summary judgment is DENIED without prejudice subject to renewal in the transferee court. The Clerk of the Court is instructed to transfer this action to the U.S. District Court for the District of the Virgin Islands.